SINKER DAVIS & CO. v. R. S. LEMON.

(No. 2284, R. Book No. 4, p. 258.)

APPEAL from Dallas County. Opinion by WILLSON, J.

§ 290. *Statute of limitations; monthly salary.* Where a clerk's employment was by the month, and he was to receive pay by the month, his right of action would arise at the expiration of each month, and the statute of limitations would begin to run upon the same, and the cause of action upon each month's salary would be barred after the lapse of two years from the time the same became

due and payable. [Rev. Stats. art. 3203; Jones v. Lewis, 11 Tex. 363; Mims v. Sturtevant, 18 Ala. 365.]

§ 291. *Agency; notice of extent of, binding.* If a party has notice of the authority under which an agent acts, or of such facts as will put him upon inquiry as to the extent of the agent's authority, then the principal will not be bound by the acts of the agent not contained in the authority conferred. If a party has notice that an agent is acting under a special contract made with his principal, or if he has notice of such facts as will put him upon inquiry as to such contract and its terms, he will at his peril contract with said agent, and if the agent exceed the authority given him, the principal will not be bound. [Wade on Notice, §§ 657–660; Peabody v. Hoard, 46 Ill. 242; Story on Agency, §§ 165, 166; Hines v. Perry, 25 Tex. 443.]

December 9, 1882.          Reversed and remanded.