## No. 2727.

### WINNIE LUCAS v. THE STATE.

1. PERJURY—INDICTMENT.—The common law rule that an indictment for perjury must allege correctly the day on which the perjury was committed, and that a variance between the time alleged and that proved would be fatal, has been so changed by statute in this State, that the indictment need only allege some time anterior to the presentment of the same, and not so remote as to be barred by the statute of limitations; with which allegation the proof, to be sufficient, must concur.

2. MISCONDUCT OF THE JURY—NEW TRIAL.—When it is shown that a verdict of guilty was probably influenced by the statement of a juror to his colleagues assailing the credibility of a witness for the defendant, a new trial should be granted. See this case in illustration.

APPEAL from the District Court of Williamson. Tried below before the Hon. W. M. Key.

Upon a complaint filed by this defendant, charging that, in Williamson county, Texas, on the sixteenth day of December, 1888, one Sallie Brown did commit an assault and battery upon her by striking her with a rock, and did use abusive language to her, calculated to cause a breach of the peace, by calling her a "bitch," a "whore" and a "liar," the said Sallie Brown was tried in the justice's court of precinct number one of Williamson county, on the twenty-first day of December, 1888. Upon that trial the defendant appeared as prosecuting witness, and testified that, on the said sixteenth day of December, 1888, the said Sallie Brown did strike her with a rock, and did call her a "bitch, a whore and a liar." The testimony so delivered on that trial is the perjury assigned in indictment in this case.

The State proved that the defendant was sworn as a witness on the said trial of Sallie Brown, and that on that trial she testified as alleged in this indictment. Sallie Brown, who appeared on this trial as prosecuting witness, testified to the transaction between herself and the defendant on the said sixteenth day of December, 1888, and, among other things, that it was not true that she struck the defendant with a rock, and that she did not call the defendant either a "bitch," a "whore" or a "liar;" that, in fact, all of the quarreling which took place on that occasion was

done by the defendant, and none of it by the witness. Several witnesses who were shown to have been present at the time of the alleged assault by the said Sallie Brown on the defendant testified that they did not see the said Sallie Brown strike the defendant with a rock or anything else, and did not hear her call the defendant either a "bitch," a "whore" or a "liar."

Insanity was the defense set up in this case. Sallie Brown, the prosecutrix, and other witnesses testified that the defendant was possessed of a very nervous and excitable temperament, and that, in their opinion, she was at intervals, and particularly when excited, totally crazy. The testimony, on this issue, of Elias Brown, the witness impugned by the two jurors in the manner set out in the second head note of this report and in the opinion of the court, was somewhat more specific and circumstantial than that of the other witnesses.

*E. A. Strickland* and *J. F. Taulbee,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WILLSON, JUDGE. At common law an indictment for perjury must allege the day on which the perjury was committed, correctly, and a variance between the time alleged in the indictment and the time proved would be fatal. (2 Whart. Crim. Law, secs. 1291, 1314; Whart. Crim Ev., sec. 103; 1 Greenl. Ev., 87, 88.)

But this common law rule has been changed by statute in this State. All that is required as to the allegation of the time of the commission of the offense is that it state some date anterior to the presentment of the indictment, and not so remote that the prosecution of the offense is barred by limitation. (Code Crim. Proc., art. 420.) And the date proved need not be the exact date alleged in the indictment. All that is required as to proof of the time is that the time of the commission of the offense be proved, and that the time proved be some date anterior to the presentment of the indictment, and not so remote as to show that a prosecution for the offense is barred by limitation. (Temple v. The State, 15 Texas Ct. App , 304.)

We are of the opinion that a new trial should have been granted the defendant because of the misconduct of two of the jurors in stating to the jury, while the case was being considered by the jury, that they knew the witness Elias Brown,

who testified on the trial in behalf of defendant, and that he was a chicken thief, and, in their opinion, unworthy of credit, and had often lied to them.   One of the jurors who made an affidavit in relation to said statements of said jurors, says that said statements did not influence his verdict, but may have had some influence on the verdict; that he heard a Mr. Price, who was on the jury, say that the talk did influence him.   Three other jurors make affidavit that they heard said statements, but that their verdict was not influenced thereby.   When a verdict was probably influenced by the statement of a juror to his fellows as to the character for credibility of a witness for the defendant, a new trial should be granted.   (Anschicks v. The State, 6 Texas Ct. App., 524; McKissick v. The State, 26 Texas Ct. App., 673.)   In this case it appears probable that at least one juror, Price, was influenced in his verdict by the statements of said two jurors as to the credibility of the defendant's witness, Elias Brown.

Such being the showing on the motion for a new trial, we think the court erred in refusing a new trial, and for this error the judgment is reversed and the cause is remanded.

*Reversed and remanded.*