## LOU BARFIELD V. THE STATE.

### No. 1812. Decided June 14, 1899.

**1. Theft of Horse—Indictment—Allegation and Proof—Variance.**

Where the indictment for horse-theft alleged that the offense was committed "anterior" to its presentment, and on or about the 13th day of January, 1898, proof that the animal was stolen in June, 1896, would constitute no material variance.

**2. Bill of Exceptions.**

A Bill of exceptions to testimony "because the same is immaterial," is too vague and indefinite.

**3. Evidence—Declaration of Defendant.**

A declaration of defendant made in a conversation with witnesses shortly after the commission of the crime and going to show his guilt, is admissible in evidence against him.

**4. Circumstantial Evidence—Charge.**

On a trial for theft of a horse defendant's statements as to where he got the horse may be proved untrue by circumstantial evidence, provided the cirumstances are sufficient to satisfy the jury, etc., and it was not error for the court to so instruct the jury.

APPEAL from the District Court of Hill. Tried below before Hon. J. M. HALL.

Appeal from a conviction for horse-theft; penalty, three years imprisonment in the penitentiary.

The indictment charged appellant with the theft of a horse belonging to one John Morgan. It alleged that the offense was committed in Hill County, "on or about the 13th day of January, 1898, and anterior to the presentment of this indictment."

John Morgan testified that he lost his horse not in 1898, but in June, 1896, on Sunday night before the 19th of June, and that the calendar for 1896 shows that that Sunday was the 14th day of June. That he got his horse in Waco about one week after he had lost him. "It was in Hill County, Texas, that I lost my horse." Dock Wise testified that he saw defendant in Waco on the morning of the 20th of June, 1896, with the horse which John Morgan came, about a week after, and got. That "I asked defendant where he got the horse, and he told me that he got him in Hillsboro, Texas, at a stray sale." Defendant traded the horse in Waco to J. H. Black. John W. Baker testified that he was sheriff of McLennan County. That J. H. Black and defendant came to his office in June, 1896, and Black told him he had traded for a horse with defendant. That he we... him, Baker, to investigate the negro's title to the horse. Tha' ...ent to the telephone office with the parties to 'phone the sheriff ... ll, and while he was waiting for a message to his 'phone, defendar ... he saw a negro across the street he wanted to talk to, and went out of the office and witness never saw him again until a little more than a year afterwards, when he arrested and put him in jail.

No brief for appellant has come to the hand of the Reporter.

*Rob't A. John*, Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of the theft of a horse, and his punishment assessed at confinement in the penitentiary for a term of three years, and he appeals.

Appellant complains that the court erred in permitting the witness John Morgan to testify that he missed his horse in "June, '96," which testimony was objected to by defendant on the ground that the indictment alleged that the offense was committed in "June, 1898," and that the testimony of said witness, so long anterior to the date alleged in said indictment, was incompetent and irrelevant. As indicated in the bill of exceptions, the gravamen of appellant's complaint is that the witness stated that his horse was stolen in "June, '96." In a different portion of the witness John Morgan's testimony appears this statement: "The calendar for 1896 shows that Sunday night before June 19th was June 14th." And it further appears from the statement of facts that the appellant carried the horse to the city of Waco on June 20, 1896. We do not think it was a material variance in the date in the indictment and the date of the offense, since the indictment states on its face that the offense was committed "anterior" to the presentment of the same, and the proof shows that the horse was stolen in the year 1896; and it certainly would not make any difference if the indictment states it was committed in 1898.

Appellant complains because the court permitted the witnesses John W. Baker, Dock Wyse, and Horace Tripp to testify to the conversation with defendant in the year 1896. The objections urged to the introduction of said testimony, as stated in the bills, is "because the same is immaterial." The bill should state wherein and how the testimony is immaterial. Such an exception is too vague and indefinite. Wade v. State, 37 Texas Crim. Rep., 401; McGrath v. State, 35 Texas Crim. Rep., 422. Moreover, we believe the testimony of the witnesses was admissible, because the same was a declaration made by defendant, and going to show defendant's guilt. Langford v. State, 17 Texas Crim. App., 445; Ferguson v. State, 31 Texas Crim. Rep., 93.

Complaint is made of the court's charge wherein the jury were instructed that the statements made by defendant with reference to when he got the horse in question might be proved untrue by circumstantial evidence, provided the circumstantial evidence is sufficient to satisfy the minds of the jury, etc. We think this fact could be proved by circumstantial evidence, and therefore do not think the court's charge was erroneous. Whart. Crim. Ev., secs. 10, 11; Franklin v. State, 37 Texas Crim. Rep., 312. Furthermore, we think the evidence authorized the court to give the charge.

The criticism contained in the fifth assignment is not well taken. There was no error in the charge of the court calculated to injure the

rights of appellant. Nor do we think the court erred in refusing to give special charges numbers 2, 3, and 4 requested by appellant. We think the verdict of the jury is supported by the evidence, and amply supports the fact that the horse was taken in Hill County, and the plea of limitation urged by appellant is refuted by the statement of facts before us. The judgment is affirmed.

*Affirmed.*