The motion for rehearing will therefore be overruled.

═══════

## GREGG v. STATE.

(Court of Criminal Appeals of Texas. Jan. 24, 1912.)

CRIMINAL LAW (§ 1081*)—APPEAL—NOTICE OF APPEAL.

A court, on appeal from a criminal prosecution, has no jurisdiction, where no notice of appeal was given.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2722–2724; Dec. Dig. § 1081.*]

Appeal from District Court, Caldwell County; Ed. R. Sinks, Judge.

Pat Gregg was convicted of murder in the second degree, and appeals. Dismissed.

C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. The appellant was indicted for murder, pleaded guilty, and the jury found him guilty of murder in the second degree, and fixed his penalty at 25 years in the penitentiary.

There is no statement of facts in the record. The Assistant Attorney General moves the court to dismiss the appeal, because the record does not show that notice of appeal was given. The record shows no notice of appeal.

The motion to dismiss will therefore be granted.

═══════

## ADDELMAN v. STATE.

(Court of Criminal Appeals of Texas. Jan. 24, 1912.)

CRIMINAL LAW (§ 1094*)—APPEAL—RECORD.

Where the record contains no exceptions to the rulings on evidence, nor any bill of exceptions to the charge, the judgment must be affirmed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3204; Dec. Dig. § 1094.*]

Appeal from Potter County Court; W. M. Jeter, Judge.

J. E. Addelman was convicted of unlawfully carrying a pistol, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. The appellant was prosecuted and convicted for unlawfully carrying a pistol.

There is no statement of facts in the record. No exceptions appear in the record to the exclusion or admission of evidence, nor is there any bill of exceptions to the charge of the court. There is, therefore, nothing raised by the appellant that this court can pass upon.

The judgment will therefore be affirmed.

## BROWN v. STATE.

(Court of Criminal Appeals of Texas. Jan. 24, 1912.)

1. BURGLARY (§ 28*)—INDICTMENT—TIME.

An indictment alleging specifically that a burglary occurred on the 12th day of February is supported by evidence showing that it was committed within the limitation and prior to the presentment of the indictment.

[Ed. Note.—For other cases, see Burglary, Cent. Dig. § 70; Dec. Dig. § 28.*]

2. CRIMINAL LAW (§ 1097*)—APPEAL—STATEMENT OF FACTS.

In the absence of a statement of facts, questions relating to the evidence cannot be considered on appeal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2931–2939; Dec. Dig. § 1097.*]

Appeal from Criminal District Court, Dallas County; Robt. B. Seay, Judge.

Ollie Brown was convicted of burglary, and appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of burglary; his punishment being assessed at five years' confinement in the penitentiary. The burglary was committed on the night of the 12th of February, 1911.

[1] One of the grounds of the motion for a new trial alleges that error was committed by the court in submitting the issue to the jury that if the defendant, "on or about the 12th day of February, A. D. 1911, as alleged, in the county of Dallas and state of Texas, by force, in the nighttime, did enter the private residence of George Johnson, as charged in the indictment," etc., they would convict him. The objection to this charge is based on the language of the court that if the defendant, "on or about the 12th day of February, A. D. 1911," entered the house, etc. There is no merit in this contention, as this record is presented. Usually this matter is one of limitation. While the indictment alleges specifically that the burglary occurred on the 12th day of February, yet as a general rule, if the evidence shows that it was committed within the limitation and prior to the presentment of the indictment, this would be sufficient. The evidence is not before us, and therefore we are unable to say whether there was more than one burglary of George Johnson's house by appellant at or about that time, and, if such was the case, we do not see how this charge would have injuriously affected him. If he was charged with two burglaries in separate indictments for entering the Johnson house about the 12th of February, and was being tried for the second, there might be a question of jeopardy. But that question did not and could not arise here. There was no objection urged to the introduction of any other burglary, so far as this record is concerned.

───────────

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

[2] The remaining questions refer to the evidence. These cannot be considered, in the absence of the statement of facts.

As the record is presented to this court, the judgment must be affirmed; and it is so ordered.