ELMER D. SCATES V. STATE

No. 27,282. January 5, 1955
Appellant's Motion for Rehearing Denied
(Without Written Opinion) February 16, 1955

*Alex P. Pope,* Tyler, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant appeals from a conviction for the offense of driving while intoxicated; his punishment was assessed, by the jury, at a fine of $50.

No statement of facts accompanies the record.

The offense was alleged to have been committed on or about November 25, 1953. The court's charge submitted said date as being on or about November 25, 1953. The charge submitted the punishment fixed by Art. 802, Vernon's Ann. P.C., prior to its amendment in 1953, and the jury assessed a fine of $50 and no jail term.

The state is not restricted to the exact date laid in the complaint or information, but may prove the offense, if it can, to have been committed at any time within the period of limitation. Randolph v. State, 117 Texas Cr. R. 80, 36 S.W. 2d 484.

In the absence of a statement of facts, we are unable to determine that the offense was committed after the effective date of the amendment of Art. 802, Vernon's Ann. P.C., which provides for a compulsory jail term.

On appeal the presumption obtains that the conviction was regular and that the offense charged was found to have been committed within the time prescribed by law authorizing the penalty assessed unless the contrary is made to appear. 4 Texas Jur. 534, Sec. 379; 4 Texas Jur. 554, Sec. 390.

The judgment of the trial court is affirmed.

Opinion approved by the Court.