492 S.W.2d 473 (1973)
Lloyd WASHINGTON, Appellant,
v.
The STATE of Texas, Appellee.
No. 45922.
Court of Criminal Appeals of Texas.
April 4, 1973.
Rehearing Denied April 25, 1973.
*474 Ken L. Sanders, Houston, for appellant.
Carol S. Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION
ODOM, Judge.
This appeal is from a conviction for the offense of unlawful possession of a narcotic drug, to-wit: heroin. Punishment was assessed at fifteen years.
Appellant contends that the conviction was obtained upon evidence had through an unlawful search and seizure.
The record reflects that two Houston police officers, assigned to the Narcotics Division of the Houston Police Department, received information from an informer that the appellant was in possession of heroin in the 1900 block of Liberty Road in Houston. The information was received at approximately 10:10 P.M. and they immediately went to that location, arriving there three to five minutes after they had received the information. As the officers arrived at the designated location the appellant, in his car, was pulling away from the curb. They followed him several blocks until they had a chance to stop him. There they arrested and searched the appellant, finding a gram of heroin wrapped in foil on appellant's person.
The officers testified that the informer who gave them the information on this occasion had given them information previously, on three or four occasions, which had proved to be true. On the occasion in question the informer told them that he had just come from the location where appellant had heroin in his possession and that the appellant would leave that location soon. Further, the officers personally knew the appellant. They had seen him on previous occasions when they had information that he would be in possession of heroin; and, upon approaching him on those occasions, the appellant had swallowed capsules which the officers believed to have been heroin. The officers testified that they did not have time to secure a warrant and they recognized the appellant when they saw him in the 1900 block of Liberty Road.
Under the facts of this case, we conclude that the officers had probable cause to arrest and search the appellant. See, e. g., Garcia v. State, Tex.Cr.App., 475 S.W.2d 262; Archer v. State, Tex.Cr.App., 474 S.W.2d 484; Mottu v. State, Tex.Cr.App., 472 S.W.2d 522.
Finally, appellant contends that the "judgment and conviction are void due to a fatal variance between the pleadings and proof."
The instant indictment was returned on August 13, 1968, and alleged that the offense charged was committed "on or about the 5th day of May A.D. 1968."
Article 21.02, Sec. 6, Vernon's Ann.C. C.P., provides the time mentioned in the indictment must be some date anterior to the presentment of the indictment, and not so remote that the prosecution of the offense is barred by limitation.
There is evidence in the case at bar that the offense occurred on May 5, 1967, instead of May 5, 1968. Nevertheless, such would not be a fatal variance as either date is a date anterior to the presentment of the indictment and not so remote that the prosecution of the offense is barred by limitation. See, e. g., Bowker v. State, Tex.Cr. App., 481 S.W.2d 141; Brown v. State, Tex.Cr.App., 475 S.W.2d 938; Glenn v. State, Tex.Cr.App., 436 S.W.2d 344.
*475 Appellant's pro se brief has been reviewed and the contentions therein are without merit.
Finding no reversible error, the judgment is affirmed.