Santos MIRELES, Jr.

v.

The STATE of Texas, Appellee.

No. 693–94.

Court of Criminal Appeals of Texas, En Banc.

May 24, 1995.

Rehearing Denied July 12, 1995.

Errlinda Castillo, Corpus Christi, for appellant.

Carlos Valdez, Dist. Atty., and James D. Rosenkild, Asst. Dist. Atty., Corpus Christi, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON THE STATE'S PETITIONS FOR DISCRETIONARY REVIEW

MANSFIELD, Judge.

A Nueces County jury found appellant, Santos Mireles, Jr., guilty of indecency with a child under Texas Penal Code § 21.11(a)(1) (1990). The trial court assessed punishment at imprisonment for fifteen years. The Thirteenth Court of Appeals reversed appellant's conviction and ordered a judgment of acquittal. *Mireles v. State,* 878 S.W.2d 245 (Tex. App.—Corpus Christi 1994). We granted the State's petitions for discretionary review to determine whether the court of appeals' decision is consistent with our precedents. We will reverse.

The indictment alleged that appellant committed the charged offense "on or about December 15, 1990." The record established that appellant had numerous sexual contacts with the complainant (his niece) over a period of at least five years. The evidence did not establish specific dates on which these contacts took place.

The jury was instructed to return a verdict of guilty only if the evidence convinced it beyond a reasonable doubt that appellant committed the charged offense "on or about December 15, 1990." The jury charge did not further define the phrase "on or about." The jury found appellant guilty as charged in the indictment.

The court of appeals held that, absent an instruction defining the phrase "on or about," the jury was "left to consider only the ordinary, commonly understood meaning of the phrase 'on or about.'" *Mireles* at 247. "'On or about December 15, 1990' would commonly be construed to mean that date or close in time to that date. 'About' is a flexible term, the meaning of which may vary with the circumstances in which it is used. 'About' a certain day, however, commonly means within a few days." *Mireles* at 247.

The court of appeals concluded that since the State did not prove that the charged offense occurred "on or about December 15, 1990," as that term is commonly understood, a reversal of appellant's conviction and entry of a judgment of acquittal were required. The court did acknowledge that the term "on or about" in an indictment means any time before the date of presentation of the indictment that falls within the applicable statute of limitations. The court concluded, however, that a lay jury could not be expected to know that the term "on or about" has this meaning, as it is a legal definition that is not commonly known.

The court of appeals' decision was incorrect. In *Abston v. State,* 158 Tex.Crim. 88, 253 S.W.2d 41 (App.1952), the defendant was charged with selling whiskey on three specific dates listed in the information. The jury charge instructed the jury to convict "upon a finding the offenses were committed 'on or about' the dates alleged." *Abston,* 253 S.W.2d at 42. The charge did not define the term "on or about." This Court held that, under such an "on or about" instruction, "the State may prove that an offense was committed before, on, or after the date alleged in the information, so long as the date is anterior to the presentment of the information and not barred by limitation." *Abston,* 253 S.W.2d at 42. We found similar "on or about" jury charges to be proper in *Ellis v. State,* 167 Tex.Crim. 87, 318 S.W.2d 655 (App.1958), and *Scates v. State,* 161 Tex. Crim. 114, 274 S.W.2d 833 (App.1955).

The court of appeals cited *Ex parte Klasing*, 738 S.W.2d 648 (Tex.Crim.App.1987), as authority for its holding in the instant case. Klasing was convicted by a jury of the offense of murder, and the jury assessed a life sentence. The jury found the allegations with respect to two prior felony convictions were true. The indictment alleged in one enhancement paragraph that he had been convicted of the felony of passing a forged instrument and was sentenced on September 17, 1962. The other enhancement paragraph alleged he had been convicted of felony possession of marihuana and was sentenced on April 8, 1970. Klasing pled "not true" to both enhancement paragraphs. The court of appeals found that, because the applicable statute of limitations in 1966 for possession of marihuana was three years and the "pen packet" concerning the marihuana conviction did not indicate the date of commission of the offense, it could presume that the marihuana offense was committed in 1963, after his prior felony conviction became final on September 17, 1962. (Klasing testified he was indicted for the marihuana charge in March or April of 1966.)

This Court held, however, that where the State relies on the indictment to prove the sequence of convictions for enhancement purposes and the jury is the factfinder, then the State must introduce some evidence that the jury used the statute of limitations in calculating the date of commission of the offense or offenses. Finding no such evidence, we set aside the judgment of conviction and remanded the cause for further proceedings.

The instant case is clearly unlike *Klasing*. In *Klasing*, the jury had no evidence as to when the marihuana offense was committed, so this Court held it could not presume that the offense was committed within the applicable statute of limitations period. In the present case, there was testimony from the complainant that appellant sexually abused her from 1985 through 1990 which is within the statute of limitations period. Complainant also testified that the abuse occurred during holidays and testified further that the last time she saw appellant was Christmas of 1990. A rational jury could conclude—absent any presumption concerning the statute of limitations—that December 25, 1990, is "on or about" December 15, 1990, and thus there was sufficient evidence for a rational jury to convict appellant for the commission of the offense charged "on or about" December 15, 1990. See *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■ The court of appeals, in effect, concluded that, as a matter of law, the jury was bound to some "common sense" definition of what "on or about" means. It ignored the fact that the charge, despite its arguable ambiguity, did not prevent the jury from interpreting the term "on or about" in a manner consistent with its legal meaning, i.e. it permitted a conviction only if the jury found appellant guilty beyond a reasonable doubt of having committed the offense charged within the applicable statute of limitations period.

■ This Court, in *Arcila v. State*, 834 S.W.2d 357 (Tex.Cr.App.1992), held that the courts of appeals are the final arbiters of fact questions. In affirming the decision of the court of appeals in *Arcila*, this Court found "the lower court's analysis was more than adequate. Factors militating both in favor of and against a finding of voluntariness were set out side-by-side in its opinion. A thorough review of federal and state decisional law was included. In both respects, it appears that the court's assessment of the case was exemplary." *Arcila* at 360–361.

In the present case, the court of appeals did not address our rulings in *Abston, Ellis,* and *Scates,* which are in conflict with its holding. It also did not examine *Boyde v. California,* 494 U.S. 370, 110 S.Ct. 1190, 108 L.Ed.2d 316 (1990). In *Boyde,* the Supreme Court held that where a jury charge is arguably ambiguous, the reviewing court should use "common sense" in its analysis in determining if there is a "reasonable likelihood" that the jury was misled by the ambiguity.

■ The Court stated that an arguably ambiguous jury instruction should be examined as part of the entire context of the trial instead of in isolation. See *Boyde* at 380–383, 110 S.Ct. at 1198–1199. In the present case, the court of appeals did not do this; in

fact, it chose to dismiss summarily evidence that the jury was told during voir dire and final argument (without objection by the defense) that "on or about" referred to the statute of limitations period. While arguments of counsel may not be given the same weight as instructions from the court and, if incorrect, are subject to correction by the court, juries are not required to ignore them. *See Boyde* at 384–385, 110 S.Ct. at 1200.

*Arcila* does not prevent us from reviewing the analysis of the court of appeals in the present case as that review cannot be said to be "thorough" as contemplated by this Court in *Arcila*. Additionally, the court of appeals has, in effect, announced a new rule of law— "on or about," in the absence of a specific jury instruction, refers to the days around a specific calendar date and *not* the applicable statute of limitations—and *Arcila* does not bar this Court from reviewing a court of appeals' creation of new law.

Finally, the court of appeals analogized the present case to *Benson v. State*, 661 S.W.2d 708 (Tex.Crim.App.1983) and *Boozer v. State*, 717 S.W.2d 608 (Tex.Crim.App.1984). In *Boozer*, this Court found that an erroneous jury instruction regarding corroboration of the testimony of an accomplice witness (no corroboration was required, as the witness was not an accomplice witness as a matter of law) still mandated a verdict of not guilty, as the jury, had it followed the instructions— though erroneous—was obligated to acquit the defendant. In *Benson*, this Court found the evidence at trial to be insufficient to show that appellant intended to "act in retaliation for or on account of the services of another as a witness." *Benson* at 711. The complainant was not a witness before an official proceeding—she was a potential witness against appellant in a pending assault case. Finding the evidence to be insufficient to show appellant possessed the requisite intent to act "in retaliation for or on account of the services of another as a witness," the Court reversed appellant's conviction for burglary with intent to commit the felony offense of retaliation and ordered the entry of a judgment of acquittal. The jury charge, in effect,

erroneously described the complainant as a witness when she was, in fact, a potential witness.

*Benson* and *Boozer* both involved legally defective jury charges, neither of which, this Court found, could support a jury verdict of guilty. The jury in the present case construed the term "on or about" correctly and in accordance with its legal meaning. There was no overt charge error as in *Boozer* and *Benson*.

For the reasons stated, we reverse the judgment of the court of appeals and remand this cause to the court of appeals to address appellant's remaining points of error.

MALONEY and KELLER, JJ., concur in the result.

BAIRD, Judge, concurring.

The narrow issue presented is whether the evidence is sufficient to establish that the charged offense occurred on or about December 15, 1990. Because the jury was not given the legal definition of "on or about," the Court of Appeals reviewed the evidence using the ordinary, commonly understood meaning of that phrase. In that light, the Court of Appeals reviewed the record and found the evidence insufficient. *Mireles v. State*, 878 S.W.2d 245, 247 (Tex.App.—Corpus Christi 1994). The plurality disagrees. *Ante*, pg. 460. While I agree the evidence is sufficient, I write separately to address the larger and more troubling practice that a majority of this Court routinely undertakes, namely, reviewing factual determinations when asked to do so by the State but refusing to do so when asked by defendants. This practice is patently unfair and in direct conflict with *Arcila v. State*, 834 S.W.2d 357 (Tex.Cr.App.1992).

**I.**

In *Arcila*, the defendant contended his consent to search his home was involuntary.[1] The Court of Appeals disagreed. *Arcila v. State*, 788 S.W.2d 587 (Tex.App.—Dallas 1990). Without considering the correctness of that decision, we announced a broad policy

1. The evidence indicated Arcila's consent was obtained as his home was surrounded by a dozen

policemen and six patrol vehicles, while a police helicopter hovered overhead.

of deference to the courts of appeals. *Arcila*, 834 S.W.2d at 360. We held all factual questions should be answered by the Courts of Appeals:

> ... [T]he question for this Court on discretionary review is not whether the Court of Appeals was correct, as an empirical matter, but whether it fairly evaluated the voluntariness of appellant's consent, using the correct legal standard, considering all relevant evidence in the record, and affording proper deference to the trial judge as primary factfinder.

*Id.*, 834 S.W.2d at 360. We did so because, as the majority declared, "[o]ur principal role as a court of last resort is the caretaker of Texas law, not the arbiter of individual applications." *Ibid.* This broad policy of deference was to be followed even when a majority of the Court disagreed with the lower court's resolution of a factual question.[2] *Ibid.*

While the *Arcila* policy of deference works well in theory, its practical application is another matter. Whether we adhere to the policy depends on whose ox is being gored; we ignore *Arcila* when the State seeks relief and we utilize it to deny relief to defendants. *See e.g., Delrio v. State*, 840 S.W.2d 443 (Tex.Cr.App.1992) (Court re-examined the Court of Appeal's determination that trial counsel was ineffective). As one member of this Court observed:

> ... We seem to grant a disproportionately high number of State's petitions for discretionary review to review decisions of the courts of appeals holding the evidence to be legally insufficient, and for no other reason than that we disagree with the lower court's particular application of the law to the facts.

2. The majority stated, "[W]e would not be at all surprised to find that appellant's consent was actually involuntary in this case ..." *Arcila*, 834 S.W.2d at 360.

3. These cases only mention "on or about" and in doing so, state the *legal* definition. As noted earlier, the jury was *not* instructed on the legal definition. Consequently, the Court of Appeals was correct not to cite or rely on these in the instant case. For the plurality to do so now is an admission that they have not bothered to read them. *Scates* dealt with the presumption of reg-

*Criner v. State*, 860 S.W.2d 84, 88 (Tex.Cr. App.1992) (Clinton, J., dissenting).

Our inconsistent treatment of parties has not gone unnoticed in our courts of appeals; Justice Burgess opined:

> ... [T]he court of criminal appeals is simply playing lip service to its opinions in *Arcila v. State*, 834 S.W.2d 357 (Tex.Crim. App.1992) and *Meraz v. State*, 785 S.W.2d 146 (Tex.Crim.App.1990). Either the courts of appeals are the final arbiters of fact questions or they are not; *Arcila* and *Meraz* say they are; *Criner* erodes that position.... Under the majority opinion in *Criner*, when the court of criminal appeals agrees with the court of appeals, [the courts of appeals are the final arbiters of fact questions]; when the court of criminal appeals disagrees with the lower court, [the courts of appeals are not].

*Wawrykow v. State*, 866 S.W.2d 87, 91 (Tex. App.—Beaumont 1993) (Burgess, J., dissenting). It is clear from the foregoing cases that, in application, *Arcila* has become nothing more than a disingenuous attempt by a majority of this Court to provide one-sided relief to the State.

## II.

In the instant case the plurality rushes to rescue the State, once again employing the now famous *Arcila* sidestep. The plurality holds the Court of Appeals' analysis "cannot be said to be 'thorough,'" because it failed to cite *Abston v. State*, 158 Tex.Crim. 88, 253 S.W.2d 41 (App.1952); *Ellis v. State*, 318 S.W.2d 655 (Tex.Cr.App.1958); *and, Scates v. State*, 161 Tex.Crim. 114, 274 S.W.2d 833 (App.1955). *Ante*, 901 S.W.2d at 459, 460. However, those cases are *not* controlling; they do *not* involve a sufficiency review.[3]

ularity when there is no statement of facts. 274 S.W.2d at 834. *Ellis* dealt with a plea of former jeopardy. 318 S.W.2d at 656. *Abston* dealt with whether a conviction for possession of whiskey was precluded when the defendant had been convicted of selling the whiskey. 253 S.W.2d at 43. Indeed, the issue for which the plurality relies upon *Abston* for was not even preserved for appellate review. *Ibid.*

In its final attempt to bolster its position, the plurality resorts to statements made by the State during voir dire and final argument. *Ante*, at

Moreover, if the plurality truly believed *Abston, Ellis,* and *Scates* were controlling, this case should be remanded to the Court of Appeals for re-consideration in light of those cases. *Thomason v. State,* 892 S.W.2d 8 (Tex.Cr.App.1994); *and, State v. Mayorga,* 901 S.W.2d 943 (Tex.Cr.App.1995).

Realizing that remanding the case would not accomplish the desired result of ruling for the State, the plurality conducts a *de novo* factual review and holds the evidence sufficient to show appellant committed this offense on December 25, 1990.[4] *Ante,* 901 S.W.2d at 460. This factual recitation conflicts with the Court of Appeals' factual determination [5] and *sub silentio* overrules *Arcila.* The plurality rejects the Court of Appeals' factual recitation, *not* because that Court's review was incomplete, but because the Court of Appeals did not reach the result desired by the majority.

### III.

I dissented in *Arcila* because I believe we hold a greater responsibility than being mere "caretakers" of the law. *Arcila,* 834 S.W.2d at 363 (Baird, J., dissenting). We have a duty to reverse a decision of the court of appeals when we find either a factual misrepresentation or a misrepresentation of legal precedent. *Delrio,* 840 S.W.2d at 449 (Baird, J., dissenting). In these rare situations, our review of factual determinations should be limited to cases where the decision of the court of appeals was clearly erroneous; we should *not* undertake a review simply to ensure a State's victory. In the instant case, the Court of Appeals' factual determination was clearly erroneous because the *only* date mentioned in the *entire* statement of facts is December 15, 1990, the date alleged in the indictment. Consequently, it would be irra-

460. However, the United States Supreme Court has held, "arguments of counsel cannot substitute for instructions by the court." *Taylor v. Kentucky,* 436 U.S. 478, 488–489, 98 S.Ct. 1930, 1936, 56 L.Ed.2d 468 (1978).

4. The majority holds:
    ... A rational jury could conclude ... that December 25, 1990, is 'on or about' December 15, 1990, and thus there was sufficient evidence for a rational jury to convict appellant

tional to conclude that the evidence is insufficient to support the conviction.

### IV.

The plurality opinion dramatically illustrates that this Court routinely fails to discharge its duty to fairly and impartially resolve the issues before us. I refuse to join the sophistry of the plurality opinion, and join only the judgment of the Court.

MEYERS, Judge, dissenting.

The Thirteenth Court of Appeals reversed appellant's conviction in this case and ordered a judgment of acquittal to be entered because the evidence was not sufficient to prove that appellant committed the charged offense "on or about December 15, 1990." *Mireles v. State,* 878 S.W.2d 245 (Tex.App.— Corpus Christi 1994). Acknowledging that the law permits conviction upon proof that the offense occurred anytime within the statutory period of limitation applicable to indecency with a child, the Court nevertheless held that the jury was bound to acquit under the instructions it had actually been given in this case because the evidence did not prove that appellant molested his niece "on or about December 15, 1990," as that phrase is commonly understood.

We granted the State's petitions for discretionary review to decide whether the Court of Appeals's decision is consistent with our precedents. Three general principles are involved: (1) that the State is not bound to prove the date "on or about" which a defendant in alleged to have committed a criminal offense; (2) that the sufficiency of evidence to establish guilt is measured on appeal against the jury instructions actually given at trial; and (3) that words and phrases not specially defined in a jury charge are to be understood by the jury as common English

for the commission of the offense charged 'on or about' December 15, 1990.
*Ante,* 901 S.W.2d at 460.

5. The Court of Appeals held:
    ... Apart from stating that the abuse began when she was seven and continued for five years, the child never indicated when the various specific sexual contacts occurred.
    *Mireles,* 878 S.W.2d at 247.

usage allows. Nevertheless, the Court has managed to resolve the issue presented in this case without elaborating, revising, or even seriously applying any of these principles, even though all were essential to the lower court's decision, all are well-settled in our jurisprudence, and all undoubtedly apply to the problem at hand. It is no wonder, therefore, that the Court gets the result completely wrong.

## I.

Neither party disputes that appellant might lawfully have been convicted of indecency with a child under the allegations of the indictment in this case and upon the proof actually adduced at trial, had the jury charge authorized it. This is because our law has long provided that the prosecution is not strictly bound by its date allegations. But the Court of Appeals took this to be true only when the charging instrument alleges, as it did in the instant cause, that the offense was committed "on or about" a certain date. Relying upon *Ex parte Alexander*, 685 S.W.2d 57 (Tex.Crim.App.1985) and other of our precedents, it held that the phrase "on or about" in an indictment or information actually means "any time prior to the presentment of the indictment that is within the statutory limitations period." Because the State argues on discretionary review that the jury's verdict was consistent with this special definition, even though it was not included in the court's charge, some clarification of our precedents on the subject is clearly indicated.

The earliest Texas case to address the question of date allegation is *The State v. Elliot*, 34 Tex. 148 (1870). There, the trial judge quashed an indictment charging the defendant with horse theft "on or about the first day of August, A.D. 1869" because it "did not charge the offense to have been committed at any certain time." The district attorney appealed, and Justice Ogden, writing for the Texas Supreme Court, articulated the rule which, in its various incarnations, has controlled disposition of this and related questions ever since. In spite of its antiquity, his analysis has a contemporary ring that bears repetition at length.

The rule which requires an indictment to state some particular day upon which the offense was committed, had its origin, like most technical and special pleadings, in the common law; and though the reason for that great particularity in the averment of time no longer exists, yet in most of the common law States that rule is still rigidly adhered to; and the pleader in those States, where it is claimed that the law is founded in reason, justice and equity, is forced into the false position and absurd necessity of solemnly alleging, under oath of himself or the grand jurors, one specific thing or time when the testimony established another. But it is a matter for congratulation, that the tendency of modern legislation is to do away with all technicalities and formalities which embarrass or obstruct the due and speedy administration of law and justice. . . . Article 2863, Paschal's Digest [Code of Criminal Procedure art. 395 (1856)], in prescribing the necessary prerequisites of an indictment, provides that "the time mentioned must be some date anterior to the presentment of the indictment, and not so remote that the prosecution of the offense is barred by limitation;" and by comparing the averment of time in the indictment in this case with the requirements of the statute, we have no hesitation in coming to the conclusion that the indictment is as specific as the law requires.

*Id.* at 150.

From this it necessarily followed that the State was not obliged to prove a certain date at trial at all even if it had actually alleged one in the indictment. Accordingly, in *Lucas v. State*, 27 Tex.App. 322, 11 S.W. 443 (1889), the Court of Appeals was able to aver:

At common law an indictment for perjury must allege the day on which the perjury was committed, correctly, and a variance between the time alleged in the indictment and the time proved would be fatal. 2 Whart.Crim.Law, §§ 1291, 1314; Whart. Crim.Ev. § 103; 1 Greenl.Ev. 87, 88. But this common law rule has been changed by statute in this state. All that is required as to the allegation of the time of the commission of the offense is that it state

some date anterior to the presentment of the indictment, and not so remote that the prosecution is barred by limitation. Code Crim.Proc. art. 420 [formerly art. 395]. And the date proved need not be the exact date alleged in the indictment. All that is required as to proof of time is that the time of the commission of the offense be proved, and that the time proved be some date anterior to the presentment of the indictment, and not so remote as to show that a prosecution for the offense is barred by limitation. *Temple v. State,* 15 Tex. App. 304.

*Id. See also Young v. State,* 60 S.W. 767 (Tex.Crim.App.1901).

Hence, this Court has invariably overruled complaints about a variance between the pleading and proof of relevant dates, even if the discrepancy is as much as several years. For example, in the early case of *Barfield v. State,* 41 Tex.Crim.R. 19, 51 S.W. 908 (1899), when the appellant protested on appeal that the evidence showed the complainant's horse to have been stolen in June of 1896, whereas the indictment alleged that it was taken in June of 1898, the Court simply replied:

We do not think it was a material variance in the date in the indictment and the date of the offense, since the indictment states on its face that the offense was committed "anterior" to the presentment of the same, and the proof shows that the horse was stolen in the year 1896; and it certainly would not make any difference if the indictment states it was committed in 1898.

*Id. See also Herrera v. State,* 75 Tex. Crim.R. 120, 170 S.W. 719, 720 (1914).

Eventually, these and other cases of like purport were collected by E.T. Branch in the first edition of his popular Annotated Penal Code, wherein it was confidently reported that:

The State is not bound by the date alleged and may prove that the offense was committed before, on, or after the date alleged, if the date proven be a date anterior to the presentment of the indictment or information and not so remote as to be barred by limitation.

1 E.T. Branch, *Branch's Annotated Penal Code of the State of Texas* § 439 (1916). The

question has been considered settled ever since. *See, e.g., Scoggan v. State,* 799 S.W.2d 679, 680 n. 3 (Tex.Crim.App.1990); *Thomas v. State,* 753 S.W.2d 688 (Tex.Crim.App. 1988); *McManners v. State,* 592 S.W.2d 622, 623 (Tex.Crim.App.1980); *Neal v. State,* 374 S.W.2d 668, 669 (Tex.Crim.App.1964).

It has thus been clear from the earliest times that the allegation of a specific date in an indictment or information is not an element of the charged offense, nor even a fact which the State must prove to sustain a conviction, but is set forth only to provide a point of reference for the State's averment that its criminal action is not barred by limitation. *Hogan v. State,* 65 Tex.Crim.R. 50, 143 S.W. 184 (1912); *Crass v. State,* 30 Tex.App. 480, 17 S.W. 1096 (1891). It does not follow, however, that the phrase "on or about" actually means "anterior to the presentment of the indictment, and not so remote that the prosecution of the offense is barred by limitation." Code Crim.Proc. art. 21.02, subd. 6. *See also* Code Crim.Proc. art. 21.21, subd. 6. Certainly, the popular imagination of lawyers and judges has come to embrace the myth that pleading "on or about" magically avoids the necessity of proving a specific date. But no such incantation has ever really been necessary. Pleading that the offense was committed "on" a particular date will perform exactly the same magic. *Jackson v. State,* 501 S.W.2d 660, 662 (Tex.Crim. App.1973); *Grayson v. State,* 155 Tex. Crim.R. 500, 236 S.W.2d 792, 793 (1951); *Collins v. State,* 77 Tex.Crim.R. 156, 178 S.W. 345, 347–48 (1915). The point of our decisional law construing article 21.02 and its forebears is not that the date allegation of a charging instrument means something vastly different when the words "on or about" precede it. Rather, our point has always been that specific date allegations need not be proven at all.

This distinction is important because it affects every analytical step necessary to a resolution of the issue presented in the instant cause. It is the Court's failure to grasp this distinction in its own case law that undermines the remainder of its analysis. Thus, when the plurality reasons, as did the Court of Appeals, that the phrase "on or

about" has a special legal definition, and concludes, contrary to the Court of Appeals, that the jury here "construed the term . . . in accordance with its legal meaning," Slip Op. at 5, it is making a serious mistake in the premises. "On or about" does not have a special legal meaning at all. In fact, it means the same thing in law as it does in common parlance. What is unusual about the law in this context is that it relieves the prosecution of responsibility for proving the date on or about which an offense occurred, even such a date was specifically alleged in the charging instrument.

## II.

A predictable consequence of this rule has been that jury instructions are not required to track the State's accusatory pleadings when it comes to the date alleged. Consequently, in the past 120 years, this Court has approved a variety of instructions which authorize the jury to convict under conditions somewhat different than those alleged in the charging instrument. One of the earliest opinions to address this issue, for example, concluded that juries might be instructed to convict "if the State proved that the offense was committed on or about a certain date[,]" in spite of an express allegation in the indictment that it was committed exactly on that date. *Johnson v. The State*, 1 Tex.App. 118, 120–21 (1876). *See also Brown v. State*, 65 Tex.Crim.R. 78, 143 S.W. 183 (1912). Since then our opinions have made it clear that any instruction which adequately informs jurors they may return a verdict of guilty upon finding that the offense was committed some time within the period of limitation prescribed by law is unobjectionable, whether it conforms to the State's charging instrument or not. *E.g., Haynes v. State*, 56 S.W. 923 (Tex.Crim.App.1900); *Knight v. State*, 64 Tex.Crim.R. 541, 144 S.W. 967, 977–78 (1912); *Grantom v. State*, 415 S.W.2d 664, 665 (Tex.Crim.App.1967); *Brown v. State*, 475 S.W.2d 938, 955–56 (Tex.Crim.App.1971); *McDonald v. State*, 513 S.W.2d 44, 47 (Tex. Crim.App.1974).

Such instructions are often given by trial judges, presumably to ensure that juries will not mistakenly acquit on account of a vari-

ance between the indictment or information and the evidence adduced at trial. Certainly it is prudent for the State to insist upon an instruction of this kind in any case where there may be some doubt whether the offense was actually committed on the date alleged. But this Court has never in past cases considered such an instruction indispensable to the validity of a guilty verdict. Challenges to the sufficiency of evidence, grounded upon failure of the proof to show commission of an offense on the date alleged, have been routinely overruled on appeal without reference to the jury charge so long as it appeared that prosecution of the offense was not barred by limitation. *E.g., Washington v. State*, 492 S.W.2d 473, 474 (Tex.Crim. App.1973); *Faulkner v. State*, 390 S.W.2d 754, 756 (Tex.Crim.App.1965); *Walker v. State*, 166 Tex.Crim.R. 297, 299, 312 S.W.2d 666, 668 (1958).

In recent years, however, some changes have come about that make jury instructions central to the way in which we assess evidentiary sufficiency on appeal generally. These changes do not undermine the rule that specific date allegations may be omitted from the jury charge, but they do necessarily affect whether specific date allegations must be proven when they are included in the jury charge.

Under our current regime, evidence of guilt is reviewed on appeal in such a way as to effectuate the federal constitutional rule that criminal convictions violate due process of law unless supported by "sufficient evidence to justify a rational trier of the facts to find guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 312–13, 99 S.Ct. 2781, 2785–86, 61 L.Ed.2d 560 (1979) (internal quotation marks omitted). Because we interpret this rule to mean that the verdict of a jury must be rational under the instructions actually given by the trial judge, we measure evidentiary sufficiency against the court's charge.

The cases in which we first announced this rule are among the most controversial of the last decade. *Benson v. State*, 661 S.W.2d 708 (Tex.Crim.App.1982); *Boozer v. State*, 717 S.W.2d 608 (Tex.Crim.App.1984). And in spite of the many opinions written on original

submission and rehearing in these cases, their underlying rationale, although essentially uncomplicated, is often difficult to understand. In large measure we have supported our holdings simply by appealing to the logic of our system. Thus, in *Benson*, wherein the State argued that evidentiary sufficiency should be measured against the allegations of the indictment, not against the jury charge, we reasoned that:

> The verdict comes from the jury's determination of the evidence in light of the instructions and law given in the charge. The indictment is directed to the defendant for notice and jurisdiction requirements. It is the charge that "convicts."

661 S.W.2d at 715 (opinion on State's second motion for rehearing).

While this argument has a strong intuitive appeal, its underlying basis is actually the product of two federal constitutional principles. Even before the United States Supreme Court articulated the rule of *Jackson v. Virginia*, it established that the Double Jeopardy Clause of the Fifth Amendment forbids a successive prosecution for the same offense when an appellate court determines that the accused should have been acquitted at his first trial.

> Since we necessarily afford absolute finality to a jury's *verdict* of acquittal—no matter how erroneous its decision—it is difficult to conceive how society has any greater interest in retrying a defendant when, on review, it is decided as a matter of law that the jury could not properly have returned a verdict of guilty.

*Burks v. United States,* 437 U.S. 1, 16, 98 S.Ct. 2141, 2150, 57 L.Ed.2d 1 (1978). Because it is clear that this principle applies in cases where an appellate court finds the evidence insufficient for conviction under the *Jackson* standard of review, determining that no rational juror could have found the defendant to be guilty beyond reasonable doubt is tantamount to determining as a matter of law that the jury could not properly have returned a verdict of guilty. *See Hudson v. Louisiana,* 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981).

A careful examination of our opinions in *Benson* and *Boozer* reveals that these princi-

ples were the essential basis for our holding that evidentiary sufficiency must be measured against the jury charge. After dispatching a host of technical arguments advanced by the State to support the court of appeals's judgment in *Boozer* remanding the cause for a new trial, we thus concluded our analysis with the following observations.

> [W]e believe the disposition of this cause made by the court of appeals would patently offend constitutional prohibitions against double jeopardy and due process of law. To find the evidence insufficient to support the jury's determination but harmless, is an unconstitutional result. Does the double jeopardy clause contemplate protection from a retrial after a trial proceeding such as the one before us? ... It is clear appellant should have been acquitted by the trial court on his motion [for directed verdict]; failing that, the jury was authorized only to find appellant "not guilty." Had either the trial court's or the jury's determination been correctly made, the State could not have been heard to complain since it would have no appellate remedy. The State ... may not obtain a result on appeal which the Constitution and laws of this State prohibit it from seeking upon the return of a "not guilty" verdict.

717 S.W.2d at 611–12 (footnotes omitted).

From this, it is apparent we interpret *Jackson* to require that an appellate court assessing evidentiary sufficiency under the United States Constitution must decide whether the jury was bound to acquit. Given that jurors are absolutely obliged to obey the court's charge when deliberating their verdict, it follows that *Burks* forbids further prosecution of a case whenever the evidence is found insufficient on appeal to prove all things required for conviction at trial by the jury charge.

Consequently, the question of which measurement best effectuates the purposes of evidentiary review as a policy matter is not really the issue, since we are unconcerned with whether, in fairness, the defendant should have a new trial or walk free. Rather, it is whether the accused may be retried

consistently with the Double Jeopardy Clause that determines our perspective. If, in the instant cause, our task were to decide if the evidence really establishes appellant committed a crime, I would have to say that it does. If the issue were whether the evidence proves he committed the specific offense of indecency with a child, I would likewise find that it does. I would even be prepared to say that the evidence substantiates every detail of the indictment which the law of Texas requires to justify a conviction in this case. But, as I understand the United States Constitution, it is not the task of an appellate court reviewing the sufficiency evidence to decide any of these questions. Rather, the reviewing court must instead judge whether the evidence established those very particulars the jury was actually told must be established to warrant a conviction. That is the essence of our holding in *Benson* and *Boozer*.

Today, the plurality rejects this holding and distinguishes our *Benson/Boozer* line of cases from the instant cause upon the ground that the former "involved legally defective jury charges." Slip Op. at 5. That, of course, is not true at all. Or, at least, it is no more true than in the instant cause. In all three cases, the jury charge actually given was objectionable, to be sure, but not fundamentally erroneous. In each instance, the charge merely confined the circumstances under which a conviction was authorized more narrowly than the law and the evidence required. And, in each case, the State might have prevented the charge by a timely objection or a request for specific alternative or additional instructions. In the instant cause, the instruction to which the State was entitled would simply have informed jurors that they might return a verdict of guilty upon finding that the conduct alleged occurred anytime within the applicable period of limitation, regardless of the allegations in the indictment. It is sheer folly to suppose that the jurors would have known anything about the limitation period or that they might lawfully convict for an offense committed during that time absent such an instruction.

But, even if it could be said that the jury charge in the instant cause, unlike those in *Benson* and *Boozer*, contained no error, the difference would not distinguish the *Benson/Boozer* holding from this case. The rule which we established in *Benson* and *Boozer* derived directly from our understanding of federal constitutional law and did not depend upon the jury charge being found erroneous. Rather, it depended only upon whether, under the charge actually given, the jury should have returned a verdict of not guilty.

### III.

In the instant cause, the jury was not instructed that appellant might lawfully be convicted if the evidence proved him to have committed the charged offense anytime within the applicable period of limitation. Had such an instruction been given, the evidence would, of course, have been sufficient to support the jury's verdict. To bridge this gap and reconcile the verdict actually returned with the jury charge actually given, the State contends and a plurality of this Court agrees that the jury must have realized on its own that specific date allegations are merely formal and that the evidence in this case actually proved the offense not to be barred by limitation. This argument is evidently premised upon a belief that the phrase "on or about" literally means "anytime before the indictment but within the applicable period of limitation" and, therefore, adequately explains the temporal conditions under which a conviction is legally permitted.

The Court of Appeals rejected this argument because it thought the meaning of "on or about" urged by the State too technical to be apprehended by lay jurors without special instructions from the trial judge. Because, in its view, "on or about" does not mean "before the indictment but within the period of limitation" in ordinary English, the Court refused to assume that the jury had applied this unusual meaning of the phrase in reaching its verdict. Rather, it concluded that the words really mean "within a few days" in common parlance, and that the evidence was insufficient to show appellant had committed the offense within a few days of the date alleged. Hence, the Court held under the rule of *Benson* and *Boozer*, that a jury acting

in obedience to the court's charge would have acquitted appellant in this case.

On discretionary review, both the District Attorney and the State Prosecuting Attorney argue that, in spite of its ordinary meaning, the jury was free rationally to interpret "on or about" broadly enough to support a guilty verdict in the instant cause. The District Attorney thus accuses the lower appellate court of acting as a "thirteenth juror" by substituting its own construction of the phrase for that of the jurors. The State Prosecuting Attorney, for his part, faults the lower court for extending *Benson* and *Boozer* to this situation when the jury was never instructed that "on or about" means "within a few days." Both contend that jurors were free to accept the prosecuting attorney's argument at trial, which urged them to disregard the date element of the court's charge entirely.

Today, this Court adopts most of these arguments as its own, even though they miss the point entirely. The Court of Appeals was obliged to review the evidence in this case for its sufficiency to sustain a conviction. To do this, the Court was bound to accept a certain meaning, or a range of meanings, for the words used to prescribe the conditions under which an offense is committed, including the words "on or about." Because, as already demonstrated, a reviewing court must decide whether a rational jury should have acquitted under the evidence actually presented and the instructions actually given, the reviewing court must accept the same meanings, or range of meanings, as were available to the jury.

Just as terms which appear in the statute law of Texas are to be understood as in ordinary language unless given special definitions, words and phrases in jury instructions should be understood only as common usage allows unless the court's charge provides a different technical or special meaning. Tex. Gov't Code § 311.011; Tex.Code Crim.Proc. art. 3.01; *Garcia v. State*, 887 S.W.2d 846, 859 (Tex.Crim.App.1994); *Morrow v. State*, 862 S.W.2d 612, 614 (Tex.Crim.App.1993); *Vernon v. State*, 841 S.W.2d 407, 409 (Tex. Crim.App.1992); *Talamantez v. State*, 829 S.W.2d 174, 181 (Tex.Crim.App.1992); *Dan-*iels v. State*, 754 S.W.2d 214, 219 (Tex.Crim. App.1988); *Santibanez v. State*, 717 S.W.2d 326, 330 (Tex.Crim.App.1986). It follows that undefined words and phrases in the charge may not be understood by the jury more broadly than common usage permits. Accordingly, a reviewing court is not authorized, let alone bound, to assume for purposes of evidentiary review that a rational factfinder understood common words more broadly than is consistent with ordinary language.

Without splitting hairs too finely, I think it indisputable that the phrase "on or about" does not commonly mean "before the indictment but within the statute of limitations." *See, e.g., The New Merriam–Webster Dictionary* p. 20 (1989). Indeed, it does not even mean this in ordinary legal parlance. *See, e.g., Black's Law Dictionary* p. 1240 (West Rev. 4th Ed.1968). And although the State makes much of the fact that the phrase has been construed by other courts, both in Texas and elsewhere, to mean such things as "nearly" or "approximately" or "within a short time," I do not take such nuances of expression to indicate any wide regional, cultural, or occupational variation in the common meaning of this phrase. Of course, convictions have been routinely sustained in Texas and elsewhere even when the evidence shows the offense to have been committed on a date years distant from that alleged in the accusatory pleading. But, as we have seen, that is not because the words "on or about" actually have a meaning flexible enough to encompass such a large space of time. Rather, it is only because in Texas, at least, the State is not bound to prove specific date allegations at all.

Besides, even if our precedents did support such a peculiar, counterintuitive definition of the phrase as that for which the State contends, there is no reason to suppose that any such meaning would ever occur to a rational juror uninstructed in the peculiarities of Texas case law. And I am not prepared to say, as a plurality of my colleagues evidently are, that jurors may take their instructions in this or other matters of consequence from the arguments of counsel. For our system to work as designed, juries must receive the law

from the court, not from the advocates, who necessarily espouse a partisan position throughout trial. Tex.Code Crim.Proc. art. 36.13. Arguing that a word or phrase contained in the court's charge may simply be redefined by jurors to permit an otherwise unauthorized result advocates jury nullification no less than does an argument urging jurors to acquit even when the evidence convinces them that the defendant is really guilty. See *Walker v. State*, 823 S.W.2d 247 (Tex.Cr.App.1991) (Clinton, J., concurring, note 2, at 250).

While it is true that our law permits a conviction upon proof that the alleged offense was committed anytime before return of the indictment and within the period of limitation, that law, like any other law which may be applicable to the case, does not control the jury's deliberations unless included in the court's charge. In the instant cause, the jury was not authorized by the court's charge to convict appellant for an offense committed years before the date alleged. Rather, it was expressly told not to convict for any offense other than one committed "on or about December 15, 1990." Because, as the Court of Appeals rightly observed, "on or about December 15, 1990" commonly means "within a few days of December 15, 1990," both in ordinary English and in ordinary legalese, I cannot say that the lower court erred to conclude that the jury in this case would have acquitted appellant had it followed the instructions of the trial judge. Under such circumstances, the United States Constitution bars a successive prosecution of appellant for the same offense.

For this reason, I would find that the Thirteenth Court of Appeals did not misapply the precedents of this Court to the instant cause. The decision of a majority of my colleagues to hold otherwise in this case makes nonsense of two well-settled and profoundly important principles in our jurisprudence, that undefined words must be given their ordinary meanings by the jury, and that the sufficiency of evidence must be measured on appeal by the jury charge actually given. As I see no compelling reason in the plurality opinion to abandon these principles, nor any convincing argument that they do not apply to this case in the usual way, I cannot subscribe to the Court's judgment. Accordingly, I dissent.

CLINTON, J., joins with the further observation that the plurality illserves our appellate jurisprudence by characterizing and dismissing *Benson v. State*, 661 S.W.2d 708 (Tex.Cr.App.1982) and *Boozer v. State*, 717 S.W.2d 608 (Tex.Cr.App.1984), as decisions involving "erroneous jury charges." The rule is that evidentiary sufficiency is measured by the charge as given; in neither was the charge found "erroneous." See *Benson*, at 714; *Boozer*, at 611.

OVERSTREET, J., joins.