NO. 07-04-0480-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MARCH 23, 2006



______________________________




ANTONIO SCHMIDT, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B 15510-0405; HONORABLE ED SELF, JUDGE



_______________________________



Before REAVIS and CAMPBELL and HANCOCK, JJ.

ORDER ON MOTION TO SET BAIL


 By opinion dated February 2, 2006, this Court reversed Antonio Schmidt's conviction
for retaliation and rendered a judgment of acquittal. Pending before this Court is
appellant's motion to set bail pursuant to Rule 44.04 of the Texas Code of Criminal
Procedure. We overrule the motion.

 Article 44.04(h) of the Code provides that a defendant may request bail following
reversal of his conviction pending final determination of an appeal by the State or the
defendant on a petition for discretionary review. A petition for discretionary review was
filed on March 9, 2006, and forwarded to the Court of Criminal Appeals on March 14, 2006. 
Only the Court of Criminal Appeals shall set bail after a petition for discretionary review has
been filed. (1) See id. Accordingly, Antonio Schmidt's motion to set bail is overruled.

 It is so ordered.

 Don H. Reavis

 Justice



Do not publish.
1. We note that appellant requested bail be set by the Court of Criminal Appeals, but
filed the motion in this Court.



 in a "grown-up" manner.
Issue One - No Evidence as to Date Offense Occurred in Count I
 Through his first issue, appellant contends that no evidence of record illustrates the
date on which he committed the offense. The particular offense involved the insertion of
his finger into S.R.'s sex organ. We disagree and overrule the issue.

 To secure a valid conviction, the State need only allege in the charging instrument
that the offense occurred "on or about" a certain date and prove that the offense happened
at a time before the indictment was issued but within the limitations period. Mireles v.
State, 901 S.W.2d 458, 459 (Tex. Crim. App. 1995) (en banc). And, here, that period was
ten years from the date the youth turned 18. Tex. Code Crim. Proc. Ann. art. 12.01(5)(B)
(Vernon 2005). 

 Next, appellant recognized that the record contains evidence demonstrating that the
offense occurred in "April or May of 2004." That time lay within the statutory period of
limitations and fell before the date on which the indictment was issued. This being some
evidence upon which a rational jury could reasonably rely to determine the date on which
the offense occurred, the conviction enjoys the support of legally sufficient evidence.

Issue Two - Evidence Factually Insufficient to Support Count II
 

 In his second issue, appellant contends that the evidence was factually insufficient
to support conviction for aggravated sexual assault in Count II. This is allegedly so
because the victim supposedly equivocated when testifying that appellant performed oral
sex on her. We overrule the issue.

 The testimony in question consisted of the following:

 Q. [by the State] And about him putting his finger in you. Was there ever an
occasion where the defendant performed oral sex on you?


 A. One time, I think. Once or twice, I think.


 Q. Okay. And where would that occur?


 A. Well, one time we were going to go to Schlitterbahn. He wasn't going,
but me and my cousins were going and my grandpa, too. And then they
were like loading up outside, so I went to go take a shower. And then I was
like - - I got out of the shower, and I was already dressed and everything. 
And then when I actually came out of the bathroom, then he was just like let
me just do that or - - you know, I guess he asked me to do that. And then I
was like no, I'm already going to leave. And then he was just like no, it's
okay. And then he just like - - then it just happened. I don't know.


 Q. And what happened?


 A. He like - - I guess he just like - - he - - he just - - he just like - - I don't
know. He just - - I guess he just like - - I guess he just licked me down there
or whatever. I don't know.


 Q. He licked you?


 A. Yeah. 


 Q. On what part of your body?


 A. On - - on my vagina.


 Q. On your vagina?


 A. Yes, ma'am. 


* * *



 Q. And did his mouth, if he licked you, come in contact with your vagina?


 A. Yes, ma'am.


As can be seen, while the witness initially stammered, she ultimately stated "yeah" when
asked if appellant "licked" her. So too did she state "yes" when asked whether it was on
her vagina. Neither response was equivocal. So, because the jury had the sole right to
assess the witness' credibility and assign weight to her testimony, Johnson v. State, 23
S.W.3d 1, 6 (Tex. Crim. App. 2000), we cannot say that whatever stammering that
occurred vitiated the value of her subsequent responses. In short, neither is the verdict
overwhelmed by contrary evidence nor the evidence supporting the verdict weak. 
Consequently, the verdict is not bereft of factually sufficient evidentiary support.

 The judgment of the trial court is affirmed.


 Per Curiam

Do not publish.