Roger Dale **SLEDGE**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–94–127–CR.

Court of Appeals of Texas,
Fort Worth.

June 29, 1995.

Rehearing Overruled Aug. 10, 1995.

Robert Ford, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Betty Marshall, Charles M. Mallin, Assts. Chief Appellate Sec., M. Susan Goggan, Alan Levy, Anne Box, Asst. Dist. Attys., Fort Worth, for appellee.

Before LIVINGSTON, DAUPHINOT and BRIGHAM, JJ.

OPINION

DAUPHINOT, Justice.

Upon his plea of not guilty, in a bench trial, the trial court convicted Appellant, Roger Dale Sledge, of aggravated sexual assault of a child and sexual assault of a child on a two-count indictment. The court sentenced Appellant to thirty years' confinement in the Institutional Division of the Texas Department of Criminal Justice for the offense of aggravated sexual of a child and to twenty years' confinement for the offense of sexual assault of a child. In a single point of error, Appellant complains that the evidence was legally insufficient to sustain his conviction of either offense. We affirm.

Appellant complains that the indictment alleged both offenses occurred on or about August 31, 1988, but the prosecutors insisted that they satisfied the requirements of the indictment by proving any offense that occurred within the ten-year statute of limitations. In the pretrial hearing, defense counsel complained that during trial he would have no way of knowing whether the State was offering evidence of extraneous offenses or whether they were offering evidence of the offense that Appellant was being tried for. He argued that he had to know an exact date of the offense or a specific offense so that he could prepare Appellant's defense.

Defense counsel was correct. He was indeed entitled to know what specific act of misconduct Appellant was required to defend against. He was also entitled to know what extraneous acts of misconduct the State was planning to introduce. Appellant correctly requested a statement of the extraneous offenses the State intended to offer pursuant to rule 404(b) of the Texas Rules of Criminal Evidence.

The Court of Criminal Appeals has clearly stated that when more than one act of sexual misconduct against a child has occurred, when a proper request to elect is made, the State must clearly inform the defendant of the specific offense for which they intend to prosecute. *Crawford v. State,* 696 S.W.2d 903, 905 (Tex.Crim.App.1985). As defense counsel stated, the purpose of this requirement is to allow a defendant to pre-

pare to defend against the accusations and also to know when extraneous acts of misconduct are being offered.

The trial court carefully and appropriately required the prosecution to give notice to Appellant of the specific "incidences" that would be relied on by the State in trying its case. The trial judge further ruled he would allow those "incidences" to be proved so long as they were within the period of limitation.

■ Although great latitude is provided the State in proving an offense alleged to have been committed on or about a specific date, a defendant in a criminal case is afforded the protection of being able to require the State to elect which specific act of misconduct it relies upon for conviction. *Crawford,* 696 S.W.2d at 906.

■ The excellent appellate briefs submitted by both Appellant and the State have clearly set out the dilemma that faces both prosecution and defense. Since Texas law does not provide for a bill of particulars, notice must be provided by the indictment. The law, however, clearly permits the State to allege an offense occurred on or about a specific date. The proof is sufficient if it proves the offense occurred on a date anterior to the presentment of the indictment but within the statutory limitations period. *Ex parte Alexander,* 685 S.W.2d 57, 59 (Tex.

Crim.App.1985). This great latitude given to the State has a rational basis when the victim is a young child. A young child may make no outcry for several months or even years. When outcry is finally made, the child often is unable to establish a specific date of the offense but must pinpoint the event by describing it in terms of significant holidays, a particular residence, or the circumstances of the offense itself. Texas rules of pleading require accusation in terms of the elements of the offense, including a date. TEX.CODE CRIM.PROC.ANN. art. 21.02 (Vernon 1989). But the statute provides:

> The time mentioned must be some date anterior to the presentment of the indictment, and not so remote that the prosecution of the offense is barred by limitation.

TEX.CODE CRIM.PROC.ANN. art. 21.02(6) (Vernon 1989).

Permitting the State to plead that an offense occurred on or about a specific date, therefore, makes sense. The term "on or about" has no real meaning, however, when the element can be proved by showing any date within a ten-year statute of limitations. It would make more sense to admit the State is simply pleading the offense is not barred by the statute of limitations.[1] It does not make sense to pretend such broad pleading provides any notice to the defense regarding the date of the offense alleged. Consequent-

---

1. In *Mireles v. State,* 878 S.W.2d 245, 248 (Tex. App.—Corpus Christi 1994), *rev'd, Mireles v. State,* 901 S.W.2d 458 (Tex.Crim.App.1995), the Corpus Christi court held that, in a jury trial, in the absence of a "on or about" instruction, the appellate court must use the common definition of "on or about" and find the evidence insufficient unless the State proves the offense occurs "within a few days" of the date alleged in the indictment set out in the application paragraph of the court's charge. Since the case *sub judice* was a bench trial, there is no jury charge against which to measure the sufficiency of the evidence. *See Garrett v. State,* 749 S.W.2d 784, 802–03 (Tex.Crim.App.1986) (op. on reh'g). The trial court is presumed to understand the specialized meaning of the term "on or about." The Court of Criminal Appeals reversed the Corpus Christi court, holding that "[t]he jury ... construed the term "on or about" correctly and in accordance with its legal meaning." In other words, the evidence was sufficient because the jury ignored the plain meaning of the terms "on or about." *Mireles,* 901 S.W.2d at 461.

In his concurring opinion, Judge Baird pointed out that the only date mentioned in the entire statement of facts was December 15, 1990, the specific date alleged in the indictment. For that reason, he found it would be irrational to conclude the evidence was insufficient to support the conviction. *Id.* at 461 (Baird, J., concurring).

In his strong dissent, Judge Meyers traces the history of Texas' notice pleading, showing that the State is not obliged to prove a certain date at trial, even if one is specifically alleged in the indictment. As early as 1899, The court stated:

> We do not think it was a material variance in the date in the indictment and the date of the offense, since the indictment states on its face that the offense was committed "anterior" to the presentment of the same, and the proof shows that the horse was stolen in the year 1896; and it certainly would not make any difference if the indictment states it was committed in 1898.

*Id.* at 465 (Meyers, J., dissenting) (*citing Barfield v. State,* 41 Tex.Crim. 19, 51 S.W. 908 (1899)).

ly, a defendant is effectively denied a defense of alibi, as well as other important defenses.

■ By requiring the State to elect specific acts of misconduct upon which it relies, and to designate acts of misconduct that are extraneous to the alleged act of misconduct for which Appellant was being tried, the trial court in the instant case carefully and adequately protected the rights of Appellant while allowing the State the latitude provided by the rules of pleading. But, as Appellant pointed out in oral argument, there is no showing the transactions designated during the pretrial hearing were the same transactions presented to the grand jury.

Article I, Section 10 of the Texas Constitution, article 1.05 of the Texas Code of Criminal Procedure, and the Fifth Amendment to the United States Constitution prohibit trying a defendant for a felony without first presenting the accusation to the grand jury. The grand jury must inquire into the offense and, if nine jurors vote a true bill, return an indictment, which is the written statement of a grand jury accusing the person named in the indictment of some act or omission constituting an offense. TEX.CODE CRIM.PROC. ANN. art. 20.19 (Vernon 1977). If the State is permitted to wait until trial or until a pretrial hearing to choose the transaction to proceed upon, it is difficult to understand how this procedure complies with the requirements of grand jury oversight.

Another important requirement is that the indictment be worded with sufficient certainty to prevent subsequent prosecution for the same offense. TEX.CODE CRIM.PROC.ANN. art. 21.04 (Vernon 1989). Does this rule mean that once a defendant is prosecuted for an offense alleged as generally as the law now permits, that defendant may never again be prosecuted for the same offense (not transaction) against that victim if that offense occurred within the same ten-year period? This is the logical conclusion, but it is not the law.

At the pretrial hearing, the State elected two specific transactions upon which to proceed. The State clearly informed the defense that those alleged offenses occurred two or three years prior to the date alleged in the indictment and involved two separate events. One event occurred around the time the complainant was ten or eleven years old when she lived on Ray Street in Tarrant County, Texas.[2] The State described it as the transaction where Appellant got vaseline and made the complainant lie face down on the bed after he had undressed her, took the vaseline, rubbed it all over her anus, and attempted to penetrate her anally. When he was unable to do so, he penetrated her digitally and finally ejaculated on her back.

The second event was described by the State as occurring on Ray Street when complainant had a big screen TV in the living room. The State described it as the transaction during which Appellant made the complainant lie on the couch while he was watching a "porno movie." During the course of the movie, he would stop the tape and have complainant look at various scenes and reenact the scene. During the course of the transaction, the State stated Appellant made complainant touch his penis, masturbate him, and Appellant fondled complainant's breasts.

The trial court conscientiously required the State to limit its proof to the events described in the pretrial hearing. But what remedy would Appellant have if the trial judge had not been aware of the burden the State assumed at the pretrial hearing? What remedy if the trial judge had been less conscientious? Appellant clearly could not have argued that the proof varied fatally from the allegations of the indictment because of the general nature of those allegations. Above all, sufficiency of the evidence is measured, not against statements in response to a pretrial motion, but against the allegations contained in the indictment and the jury charge in a jury trial.[3]

2. The record shows that the street is referred to as Ray Street and Race Street. We will refer to the street by the earliest name used in the record.

3. An additional problem is that Appellant was indicted in count one for aggravated sexual assault of a child younger than thirteen. The child was thirteen in 1988, but was fourteen on the date the indictment was presented.

At trial, complainant testified to the events the State described at the pretrial hearing. She testified that during the incident before the big screen TV, when she was ten or eleven years old, Appellant was watching pornographic movies and told complainant to sit on the couch where he was lying and watch the movie with him. She testified that Appellant wanted her to do what the lady was doing to the man in the movie. She testified that he penetrated her mouth with his penis, fondled her genitals and penetrated her genitals digitally, and that he rubbed her breasts. She testified that the event took place in Tarrant County, Texas and that she was never married to Appellant.

The complainant also testified regarding the incident with vaseline. She testified that it occurred on Race [sic] Street in Tarrant County, Texas, and she was about eleven when it occurred. She testified that Appellant told her to lie down and that he took her clothes off, put her on her stomach and rubbed vaseline on her anus. She testified that he penetrated her vagina with his fingers. She testified that he also ejaculated on her backside. Appellant testified, denying both accusations.

The evidence was clearly sufficient to prove the allegations in both counts of the indictment. Furthermore, the evidence was sufficiently limited to those transactions described by the State when the trial court required the State to elect the specific transactions that they intended to prosecute.

Article 21.04 of the Code of Criminal Procedure requires that an indictment be sufficiently certain to enable "the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense." TEX.CODE CRIM.PROC.ANN. art. 21.04 (Vernon 1989). It is difficult to see how the indictment in the case *sub judice* would protect Appellant from again being tried for the same transactions without a reading of the entire record of the trial now before this court. But case law has balanced the interest of the State in prosecuting cases in which children are the victims against the due process interest of the person accused of such crimes. Courts have determined that allowing broad, general pleading, limited by a form of oral bill of particulars, best protects these competing interests. *Crawford,* 696 S.W.2d at 907.

We must comply with the mandate of the Court of Criminal Appeals. For these reasons the judgment of the trial court is affirmed.