cr6-285 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00285-CR







Gary Frank Allen, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT


NO. 6507, HONORABLE C.W. DUNCAN, JR., JUDGE PRESIDING







PER CURIAM



 After a jury convicted Gary Frank Allen of aggravated sexual assault, the trial court
assessed punishment at twenty-five years imprisonment. Allen raises three points of error on appeal
complaining about the court's response to a question by the jury and about two instances of alleged
ineffective assistance of counsel. We will affirm the judgment.

 Allen does not dispute the sufficiency of the evidence. He adopted the victim when she was
five years old. The victim testified that she and Allen began having oral sex shortly thereafter. They began
having intercourse when she was eleven, the day after she started her first menstrual period on July 13,
1986. They continued having intercourse once or twice a month until 1993.

 The court charged the jury that they could find Allen guilty of aggravated sexual assault if
they found that he had sex with the victim on or about July 14, 1986; her age (younger than fourteen years)
was the aggravating factor. The court also instructed the jury that the evidence must show that the offense
was committed prior to the return of the indictment and within the 10-year limitations period. During
deliberations, the jury sent a note to the court asking whether "on or about" meant a "variation of a few
days, months or years as long as it is before age 14?" The court responded that "on or about" took its usual
and customary meaning, then referred the jury to the entire charge.

 Allen contends by point one that the court's response rendered the charge to the jury
contradictory and erroneous. Because he failed to object to the court's response at trial, he must show
fundamental error. Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). The error must
have been so egregious and created such harm that it deprives the defendant of a fair trial. Id. He contends
that the conflict between the legal meaning of "on or about" and the usual and customary meaning created
that egregious harm.

 We conclude that any contradiction or confusion caused by the court's response to the
jury's question favored Allen. The court's charge contained the legal definition of "on or about" without
designating it as such. Legally, the State proves that an offense occurred "on or about" a particular date
by showing that the offense occurred sometime before the indictment date but within the statute of
limitations period. Mireles v. State, 901 S.W.2d 458, 459 (Tex. Crim. App. 1995). Though the court
charged that the evidence must show the offense was committed within the limitations period, it did not
explain either that this was the legal definition of "on or about" or that the jury could convict for an offense
occurring at any time during this period. In this case, the jury could convict Allen under the legal definition
by finding that he committed the offense anytime between September 22, 1985 (ten years before the
indictment date) and September 18, 1989 (the victim's fourteenth birthday). Whatever the usual and
customary meaning of "on or about" is, we are confident it is something less than this four-year period. See
Mireles v. State, 878 S.W.2d 245, 247 (Tex. App.--Corpus Christi 1994) ("on" commonly means that
date, "about" commonly means within a few days), rev'd on other grounds, 901 S.W.2d 458 (Tex. Crim.
App. 1995). Allen shows no harmful error from any jury confusion. If the jury resolved the confusion by
using the legal definition, there was no error. See Mireles, 901 S.W.2d at 460-61 (jury that convicts based
on charge lacking legal definition of "on or about" held to have interpreted instruction correctly where
sufficient evidence supports conviction under legal definition). If the jury used the usual and customary
interpretation of "on or about," they found that the State proved the offense occurred during a much briefer
period. Allen could not have been harmed by the State's facing a tougher burden. There was sufficient
evidence of his guilt under either standard. We overrule point one.

 By his remaining two points, Allen contends his counsel rendered ineffective assistance. 
We first must examine whether counsel's conduct failed to meet an objective standard for reasonable
performance and whether that failure deprived the appellant of a fair trial. Strickland v. Washington, 466
U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Ex parte Walker, 777 S.W.2d 427, 430 (Tex. Crim. App.
1989). Counsel is allowed wide latitude within reasonable professional standards to make tactical
decisions. Strickland, 466 U.S. at 689, 104 S.Ct. at 2065. We look at the totality of the representation.
Ex parte Carillo, 687 S.W.2d 320, 324 (Tex. Crim. App. 1985); Vasquez v. State, 819 S.W.2d 932,
938 (Tex. App.--Corpus Christi 1991, pet. ref'd). The representation need not be free of error. Ingham
v. State, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984); Vasquez, 819 S.W.2d at 938. Finally, the client
must show a reasonable probability that, but for counsel's errors, the result of the proceedings would have
been different. Vasquez, 819 S.W.2d at 938.

 Allen's ineffectiveness points of error both relate to his counsel's failure to limit the
prosecution's evidence. He complains by point two of his counsel's failure to require the State to choose
on which of the numerous acts of sexual intercourse presented in the evidence the State would rely for
conviction. By point three, he complains of his counsel's refusal to allow the trial court to submit a
supplemental charge to the jury limiting the jury's consideration of the extraneous matters contained in the
State's evidence presented.

 The impact of failing to force an election is minimal when the court uses an "on or about"
instruction. In a statutory rape case where more than one act of intercourse is shown, the State, upon
motion by the accused, must elect on which act it will rely for conviction. Bates v. State, 305 S.W.2d 366,
368 (Tex. Crim. App. 1957); see also Crawford v. State, 696 S.W.2d 903, 905 (Tex. Crim. App.
1985); Sledge v. State, 903 S.W.2d 105, 106 (Tex. App.--Fort Worth 1995, pet. granted). Yet, under
the "on or about" instruction, the State must prove only that the offense occurred sometime within the
limitations period and before the date of indictment. See Mireles, 901 S.W.2d at 459. So, had Allen's
counsel requested an election, the State still could have convicted him through proof that the offense
occurred sometime during a four-year span. See Sledge, 903 S.W.2d at 107-08 (exploring the dubious
impact of an election after Mireles). The apparent futility of demanding the election leads us to conclude
that the failure to force an election was not deficient performance. 

 The rejection of the court's proposed supplemental extraneous-offense instruction was
explicitly trial strategy. After the jury sent out its question regarding the "on or about" instruction, the court
proposed submitting a supplemental instruction regarding extraneous offenses. Defense counsel responded
that he had read the relevant statute to his client, explained the process of requesting an instruction, and
discussed the tactical advantages and disadvantages of the charge; he and his client had decided not to
request it. When the court followed up by asking whether counsel understood that he had had the
opportunity to object to the instruction's omission when the original charge was submitted, counsel
responded, "That is correct your honor. We didn't want it in then. We don't want it in now." 

 Counsel did not explain the basis of this strategy. On appeal, the State theorizes that
counsel and Allen wanted to leave the jury confused about what events were relevant, hoping that the
confusion would lead to acquittal. The State also theorizes that Allen wanted to avoid the part of the
extraneous offense instruction that informs the jury that the extraneous offenses are relevant (1) to the state
of mind of the victim and the accused and (2) to the previous and subsequent relationship between the
victim and the accused. See Tex. Code Crim. Proc. Ann. art. 38.37, §  2 (West Supp. 1997). The latter
theory, in particular, is not spurious. The record undisputedly shows that Allen participated in and agreed
with the strategy. We conclude that counsel's performance was not deficient. 

 Even if we believed that either challenged instance of counsel's performance fell below an
objective standard, we would affirm. Allen's counsel otherwise performed adequately. Further, the
evidence of Allen's guilt is essentially unchallenged. We find no reasonable probability that the result of the
trial would have been different had the court forced the State to elect one incident or given the extraneous-offense instruction. We overrule points two and three.

 We affirm the judgment of conviction.


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: January 9, 1997

Do Not Publish



App. 1985); Vasquez v. State, 819 S.W.2d 932,
938 (Tex. App.--Corpus Christi 1991, pet. ref'd). The representation need not be free of error. Ingham
v. State, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984); Vasquez, 819 S.W.2d at 938. Finally, the client
must show a reasonable probability that, but for counsel's errors, the result of the proceedings would have
been different. Vasquez, 819 S.W.2d at 938.

 Allen's ineffectiveness points of error both relate to his counsel's failure to limit the
prosecution's evidence. He complains by point two of his counsel's failure to require the State to choose
on which of the numerous acts of sexual intercourse presented in the evidence the State would rely for
conviction. By point three, he complains of his counsel's refusal to allow the trial court to submit a
supplemental charge to the jury limiting the jury's consideration of the extraneous matters contained in the
State's evidence presented.

 The impact of failing to force an election is minimal when the court uses an "on or about"
instruction. In a statutory rape case where more than one act of intercourse is shown, the State, upon
motion by the accused, must elect on which act it will rely for conviction. Bates v. State, 305 S.W.2d 366,
368 (Tex. Crim. App. 1957); see also Crawford v. State, 696 S.W.2d 903, 905 (Tex. Crim. App.
1985); Sledge v. State, 903 S.W.2d 105, 106 (Tex. App.--Fort Worth 1995, pet. granted). Yet, under
the "on or about" instruction, the State must prove only that the offense occurred sometime within the
limitations period and before the date of indictment. See Mireles, 901 S.W.2d at 459. So, had Allen's
counsel requested an election, the State still could have convicted him through proof that the offense
occurred sometime during a four-year span. See Sledge, 903 S.W.2d at 107-08 (exploring the dubious
impact of an election after Mireles). The apparent futility of demanding the election leads us to conclude
that the failure to force an election was not deficient performance. 

 The rejection of the court's proposed supplemental extraneous-offense instruction was
explicitly trial strategy. After the jury sent out its question regarding the "on or about" instruction, the court
proposed submitting a supplemental instruction regarding extraneous offenses. Defense counsel responded
that he had read the relevant statute to his client, explained the process of requesting an instruction, and
discussed the tactical advantages and disadvantages of the charge; he and his client had decided not to
request it. When the court followed up by asking whether counsel understood that he had had the
opportunity to object to the instruction's omission when the original charge was submitted, counsel
responded, "That is correct your honor. We didn't want it in then. We don't want it in now."