NUMBER 13-05-469-CR

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

DANIEL
GUIDRY,                                                     Appellant,

 

                                           v.

 

THE
STATE OF TEXAS,                                              Appellee.

 

 

 

                  On appeal from the 232nd District Court

                            of Harris County, Texas.

 

 

 

                     MEMORANDUM OPINION

 

      Before Chief Justice Valdez and Justices
Rodriguez and Garza

Memorandum Opinion by
Justice Rodriguez

 








Appellant, Daniel
Guidry, was charged with the felony offense of aggravated robbery.  See Tex.
Pen. Code Ann. ' 29.03 (Vernon 2005).  The jury found appellant guilty and assessed
punishment at ninety-nine years' imprisonment in the Institutional Division of
the Texas Department of Criminal Justice.[1]  By nine points of error, appellant complains
that out-of-court and in-court identifications of appellant admitted into
evidence were tainted and that the evidence was insufficient to support his
conviction.  We affirm.

I.  Background

Willie Williams,
assistant manager of EZ Pawn, and Tomesha Moon, an employee, opened the store
on May 14, 2004.  Just before 10:00 a.m.
appellant came into the store carrying a microwave.  He set the microwave on the counter and, a
short time later, pulled a gun out of the microwave and pointed it at everyone.[2]  Someone told them to get on the floor.  Appellant wore no bandana or mask to hide his
face.  As many as three others
participated in the robbery.  Cash in the
amount of $2,321.00 was taken from two registers and the safe, and jewelry
valued at $295,072.00 was taken from the store. 
EZ Pawn's surveillance video of the time in question was admitted as
State's exhibit number 10.

Three
out-of-court pretrial identifications of appellant were made, two from a
videotaped lineup and one from a live lineup. 
The videotape was admitted as State's exhibit 40.[3]  At trial, four witnesses, including those who
had identified appellant pre-trial, testified that appellant was one of the
persons who participated in the robbery.








II.  Out-of-Court and In-Court Identifications

By points of
error one through seven, appellant contends that the out-of-court
identifications of appellant were tainted by an unduly suggestive and
constitutionally defective identification procedure.  Appellant further asserts that the in-court
identifications of appellant should not have been admitted because they were
tainted by the suggestive pretrial lineup. 
Appellant's argument is premised on the testimony of Officer John
Bonnette of the Houston Police Department. 
At a hearing on appellant's pretrial motion to suppress the State's
witnesses' identifications of appellant held outside the presence of the jury,
Officer Bonnette testified that "[o]n that day we were hard pressed to
find people with similar features to that of [appellant]."  More specifically, while testifying that he
thought the lineup was fair and impartial, Officer Bonnette agreed that
appellant was the thinnest person in the lineup.

A.  Standard of Review








When we review a
trial court's denial of a motion to suppress regarding identification testimony,
as in this case, we are presented with a mixed question of law and fact, and
therefore our review is de novo.  Loserth
v. State, 963 S.W.2d 770, 773 (Tex. Crim. App. 1998) (citing Guzman v.
State, 955 S.W.2d 85, 89 (Tex. 1997)). 
When reviewing a trial court's ruling on the admissibility of an
identification which has been attacked as the product of an impermissibly
suggestive pretrial identification procedure, the test is whether, considering
the totality of circumstances, "the . . . 
identification procedure was so impermissibly suggestive as to give rise
to a very substantial likelihood of irreparable misidentification."  Id. at 772; Palma v. State, 76
S.W.3d 638, 643 (Tex. App.BCorpus Christi 2002, pet. ref'd).  The goal of the review is to determine the
reliability of the identification procedure. 
See Loserth, 963 S.W.2d at 772.

The following
five non‑exclusive factors should be "weighed against the corrupting
effect of any suggestive identification procedure in assessing reliability
under the totality of circumstances": 
(1) the opportunity of the witness to view the criminal at the time of
the crime; (2) the witness's degree of attention; (3) the accuracy of the witness's
prior description of the criminal; (4) the level of certainty demonstrated by
the witness at confrontation; and (5) the length of time between the crime and
the confrontation.  Palma, 76
S.W.3d at 643 (citing Neil v. Biggers, 409 U.S. 188, 199 (1972)).          The application of the factors, and
thus, the "ultimate conclusions as to whether the facts as found state a
constitutional violation, is a mixed question of law and fact."  Id. at 773.  Therefore, we review the trial court's
application of the factors de novo.  Id.
at 773‑74; Burkett v. State, 127 S.W.3d 83, 86 (Tex. App.BHouston [1st Dist.] 2003, no pet.).  When a trial court does not make express
findings of historical facts, the facts are viewed in a light favorable to the
court's ruling.  Loserth, 963 S.W.2d
at 774.  However, it is only after a
reviewing court has determined that the procedures were impermissibly
suggestive that it need consider the factors enumerated in Biggers to
determine whether the reliability of the identification was affected.  Burkett, 127 S.W.3d at 86-87.








B.  Analysis

Appellant's
challenge to the pretrial lineup is based on discrepancies in the weight of
appellant and the other individuals in the lineup.  During the lineup, appellant stated his
weight to be 140 pounds.  The weights of
the other individuals in the lineup were stated as 160, 195, 184, and 200
pounds.  Although appellant was the
thinnest man in the lineup, the weight of all individuals in the lineup was
within a sixty pound range. 








Review of the
videotaped lineup reflects that all men were dressed in civilian clothes, had
similar physical characteristics and were around the same age.  Additionally, all men had a similar
complexion, similar dark hair color, and wore their hair in a similar fashion.  See Tell v. State, 908 S.W.2d 535, 539
(Tex. App.BFort Worth 1995, no pet.) (providing that despite
"some differences in weight, height and complexion," none of the men
pictured differed unreasonably from the description of the suspect, and the
defendant did not stand out as "distinctively different" from the
other men).  The weight of appellant and
the other members of the lineup were not so distinctly different as to make the
identification procedure impermissibly suggestive.  See Buxton v. State, 699 S.W.2d 212,
216 (Tex. Crim. App. 1985) (describing a lineup that included men of various
heights, weights, and skin colors, the court concluded that "[w]hile the
better practice may be to get as many individuals as possible who fit the
defendant's description, it is not essential that all the individuals be
identical"); Miller v. State, 846 S.W.2d 365, 367 (Tex. App.BHouston [14th Dist.] 1992, no pet.) (describing a
lineup that was not impermissibly suggestive where weight of suspects ranged
from 150 pounds to 300 pounds).  ">Neither due process nor common sense' requires such
exactitude."  Buxton, 699
S.W.2d at 216 (quoting Herrera v. State, 682 S.W.2d 313, 319 (Tex. Crim.
App. 1984)).  "Although the
individuals need not be identical in appearance to the defendant, their
similarities in appearance should provide a reasonable test for the witness's
capacity to reliably identify the perpetrator."  Cienfegos v. State, 113 S.W.3d 481,
492 (Tex. App.BHouston [1st Dist.] 1993, pet. ref'd); see Ford
v. State, 794 S.W.2d 863, 866 (Tex. App.BEl
Paso 1990, pet. ref'd).

Furthermore, the
record shows that none of the witnesses were told that a suspect was included
in the lineup.  Manager Williams,
employee Moon, and Annabelle Garcia were present in the store at the time of
the robbery and were able to identify appellant before trial, independent of
suggestions from law enforcement.  See,
e.g., Barley v. State, 906 S.W.2d 27, 33 (Tex. Crim. App. 1995) (en banc)
(setting out that suggestiveness of pretrial identification procedure may be
created by police suggesting that the suspect is included in a photo array).








Considering the
totality of circumstances, we conclude that the out-of-court identification
procedure was not so impermissibly suggestive as to give rise to a substantial
likelihood of irreparable misidentification. 
See Loserth, 963 S.W.2d at 772; Palma, 76 S.W.3d at
643.  Thus, the trial court did not err
in admitting the in-court identification testimony.  Having concluded that the pretrial procedure
was not impermissibly suggestive, we need not consider the factors enumerated
in Biggers to determine whether the reliability of the identification
was affected.  See Burkett, 127
S.W.3d at 86-87.

We overrule
appellant's points of error one through seven.

III.  Sufficiency of the Evidence

By his eighth and
ninth points of error, appellant challenges the legal and factual sufficiency
of the evidence to support appellant's conviction for aggravated robbery.  Specifically, appellant argues that the
testimony of the State's witnesses was not credible because the pretrial
identification procedure tainted the in-court identifications.  He also asserts that the evidence is
insufficient because there is a discrepancy in the testimony of Brenda Garza
who was present at EZ Pawn on the day of the robbery.

A.  Standard of Review

When we
review a legal sufficiency of the evidence point of error, we view all the
evidence in the light most favorable to the prosecution to determine whether
any rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 318-19 (1979); Rosillo v. State, 953 S.W.2d
808, 811 (Tex. App.BCorpus Christi 1997, pet. ref'd).  We measure the legal sufficiency of the
evidence by the elements of the offense as defined by a hypothetically correct
jury charge.  Malik v. State, 953
S.W.2d 234, 240 (Tex. Crim. App. 1997).








The
jury is the sole judge of the facts, the credibility of the witnesses, and the
weight to be given the evidence.  Beckham
v. State, 29 S.W.3d 148, 152 (Tex. App.BHouston
[14th Dist.] 2000, pet. ref'd). 
Therefore, the jury may believe all or part of any witness's
testimony.  Margraves v. State, 34
S.W.3d 912, 919 (Tex. Crim. App. 2000) (en banc).  Reconciliation of any conflicts in the
evidence falls within the exclusive province of the jury.  Id. 
In conducting this review, the Court does not engage in a second
evaluation of the weight and credibility of the evidence, but only ensures that
the jury reached a rational decision.  Muniz
v. State, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993) (en banc).  If there is evidence that establishes guilt
beyond a reasonable doubt, and the trier of fact believes that evidence, the
appellate court does not sit as a thirteenth juror in re-assessing the
evidence.  See Moreno v. State,
755 S.W.2d 866, 867 (Tex. Crim. App. 1988) (en banc).








"There
is only one question to be answered in a factual sufficiency review:  Considering all of the evidence in a neutral
light, was the jury rationally justified in finding guilt beyond a reasonable
doubt?"  Zuniga v. State, 144
S.W.3d 477, 484 (Tex. Crim. App. 2004). 
In determining whether the evidence is factually sufficient to support a
conviction, we must review all the evidence without the traditional prism of
"in the light most favorable to the prosecution" and set aside the
verdict only if it is so contrary to the overwhelming weight of the evidence as
to be clearly wrong and unjust.  Clewis
v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  Reconciliation of conflicts and
contradictions in the evidence is again within the province of the jury, and
such conflicts will not call for reversal if there is enough credible testimony
to support the conviction.  Bowden v.
State, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982).  We also
apply a hypothetically correct jury charge analytical construct in the context
of a factual-sufficiency review.  Adi v. State, 94 S.W.3d 124, 131 (Tex. App.BCorpus Christi 2002, pet. ref'd).

B.  Analysis

Appellant was
convicted of the felony offense of aggravated robbery.  See Tex.
Pen. Code Ann. ' 29.03 (Vernon 2005).  At trial, the State called four witnesses,
Williams, Moon, Garza and Garcia.  All
identified appellant as one of the men who committed the robbery at EZ Pawn on
May 14, 2004.  Their testimony is
corroborated by EZ Pawn's surveillance video taken on May 14, 2004.  The video footage from camera six displays
appellant placing the microwave on a counter at EZ Pawn.  The footage shows appellant opening the
microwave and taking something out. 
Fingerprint evidence taken from the microwave was found to be a positive
match for appellant's right middle finger. 
Appellant is seen carrying a gun and guarding the front door of EZ Pawn
in the video footage and in still photos taken from the video.  Other segments of the video show how
customers were forced to the ground, how the robbers emptied the cash
registers, and how Williams was forced to open and empty the safe in the back
office.








We have already
concluded that the pre-trial lineup was not suggestive and did not lead to
misidentification at trial.  Thus,
appellant's contention that the testimony of the State's witnesses was not
credible because the pretrial identification procedure tainted the in-court
identifications fails.  Moreover, even if
the identifications were admitted in error, this fact does not impact the
sufficiency analysis.  See Bobo v.
State, 843 S.W.2d 572, 575-76 (Tex. Crim. App. 1992) (en banc) (providing
that when evaluating the sufficiency of the evidence, the reviewing court must
look at all the evidence, whether properly or improperly admitted).








Appellant also
suggests the evidence is insufficient because there was a discrepancy in
Garza's testimony.  At the identification
hearing, Garza testified that she had identified appellant at the pre-trial
lineup.  During trial, she testified that
she was unable to identify him at the lineup, but she positively identified
appellant in court.  The jury was not
present during the identification hearing, thus, it did not hear the testimony
about which appellant complains.  See  Sledge v. State, 903 S.W.2d 105, 108 Tex.
App.BFort Worth 1995) aff'd, 953 S.W.2d 253 (1997)
(en banc) (explaining that the sufficiency of the evidence is measured, not
against statements in response to pretrial motion, but against the allegations
contained in the indictment and the jury charge in a jury trial); see also
Miller v. State, No. 01-87-0173-CR, 1988 Tex. App. LEXIS 1558, at *2 (Tex.
App.BHouston [1st Dist.] June 30, 1988, pet. ref'd) (not
designated for publication) (concluding that evidence was sufficient where
victim identified defendant at trial but expressed uncertainty about
identifying defendant at pre-trial hearing). 
Moreover, even if there were conflicting evidence regarding Garza's
identification of appellant, it was the jury's duty to reconcile any such
conflicts.  See Margraves, 34 S.W.3d at 919.

We conclude that
the testimony summarized above, viewed in the light most favorable to the
verdict, is sufficient to support a finding beyond a reasonable doubt that
appellant committed aggravated robbery. 
Further, the proof of guilt is not so obviously weak as to undermine
confidence in the verdict, nor is it greatly outweighed by contrary proof.  Therefore, giving due deference to the fact
finder's determinations, we conclude the evidence is legally and factually
sufficient to support appellant's conviction for aggravated robbery.  We overruled appellant's eighth and ninth
points of error.

IV.  Conclusion

Accordingly, we
affirm the judgment of the trial court.

 

NELDA V. RODRIGUEZ

Justice

 

Do not publish.

Tex. R. App. P. 47.2(b).

 

Memorandum Opinion delivered and

filed this 20th day of July, 2006.

 

 











[1]The jury was authorized to convict
appellant for aggravated robbery, acting either as a principal or under the law
of parties. 





[2]Moon described the gun as a
"mini-machine gun."





[3]State's exhibit 40 is a videotaped
recording of two lineups, one lineup included appellant and the second included
a co-defendant.