NUMBER 13-04-369-CR

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 



 

JOSE SAUCEDA,                                                     Appellant,

 

                                           v.

 

THE
STATE OF TEXAS,                                              Appellee.

 



 

                  On appeal from the 148th
District Court

                           of Nueces
County, Texas.

 



 

                     MEMORANDUM OPINION[1]

 

                Before Justices Yañez,
Castillo, and Garza

                  Memorandum Opinion by Justice Castillo

 








A jury convicted Jose Sauceda of two counts of
indecency with a child[2]
and one count of aggravated sexual assault of a child.[3]  The trial court assessed punishment at twenty
years' confinement in the Institutional Division of the Texas Department of
Criminal Justice for the indecency-with-a-child counts and twenty-five years
for the aggravated sexual assault of a child count, the sentences to run
concurrently.  By one issue, Sauceda
challenges the legal and factual sufficiency of the evidence to support the
conviction.  We affirm.  

                                                             I.  BACKGROUND

                                                             A.  The Indictment

The State indicted Sauceda on three counts involving
sexual contact with a child.  Count 1
alleged that, on or about June 15, 1995, Sauceda touched R.T.'s genitals.  Count 2 alleged that, on or about June 16,
1995, Sauceda caused R.T. to touch his genitals.  Count 3 alleged that, on or about June 15,
1995, Sauceda penetrated R.T.'s sexual organ with his finger.  The jury convicted Sauceda of all three
counts.  Sauceda asserts that the
victim's testimony lacks credibility and constituted conflicting evidence.

B.  The
Relevant Evidence








Sauceda moved in with the family when the victim,
R.T., was in elementary school.  Twenty
years old at the time of trial, R.T. testified that Sauceda molested her when
she was about eleven years old and the conduct lasted approximately a year,
occurring almost daily.  Allegations of
sexual contact arose after R.T. told a middle school counselor that Sauceda had
molested her.  From the counselor, the
jury heard that R.T. outcried because she was having nightmares and her grades
were suffering.  The same day, R.T. told
her aunt.  R.T.'s aunt confirmed the
outcry and asked R.T. to tell her mother about sexual contact by Sauceda.  By then, Sauceda was in prison after his
community supervision on a delivery of a controlled substance charge was
revoked.  From R.T., the jury heard about
multiple incidents of sexual contact and conduct by Sauceda.[4]  Sauceda testified on his own behalf.  He admitted that he was alone with R.T. and
her sister (who is deaf and without speech) almost daily while R.T.'s mother
was at work.  He denied molesting R.T. 

II. 
SUFFICIENCY OF THE EVIDENCE

A.  Legal
Sufficiency 








A legal‑sufficiency challenge requires us to
review the relevant evidence in the light most favorable to the verdict, and
then to determine whether a rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Escamilla v. State, 143 S.W.3d 814,
817 (Tex. Crim. App. 2004) (citing Jackson v. Virginia, 443 U.S. 307,
319 (1979)); see also Swearingen v. State, 101 S.W.3d 89, 95 (Tex. Crim.
App. 2003) (en banc); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App.
2000) (en banc).  This standard is
designed to give "full play to the [jury's] responsibility fairly" to
"draw reasonable inferences from basic facts to ultimate facts."  Sanders v. State, 119 S.W.3d 818, 820
(Tex. Crim. App. 2003).  We consider all
the evidence that sustains the conviction, whether properly or improperly
admitted.  Conner v. State, 67
S.W.3d 192, 197 (Tex. Crim. App. 2001) (citing Garcia v. State, 919
S.W.2d 370, 378 (Tex. Crim. App. 1994) (en banc)).  Similarly, we consider all the evidence that
sustains the conviction, whether submitted by the prosecution or the defense,
in determining the legal sufficiency of the evidence.  King v. State, 29 S.W.3d 556, 562
(Tex. Crim. App. 2000) (en banc); Cook v. State, 858 S.W.2d 467, 470
(Tex. Crim. App. 1993) (en banc).  In
this review, we are not to reevaluate the weight and credibility of the
evidence; rather, we act only to ensure that the jury reached a rational
decision.  Muniz v. State, 851
S.W.2d 238, 246 (Tex. Crim. App. 1993) (en banc). 

The legal sufficiency of the evidence is measured against
the elements of the offense as defined by a hypothetically correct jury charge
for the case.  Malik v. State, 953
S.W.2d 234, 240 (Tex. Crim. App. 1997). 
This standard of legal sufficiency ensures that a judgment of acquittal
is reserved for those situations in which there is an actual failure in the
State's proof of the crime, rather than a mere error in the jury charge
submitted.  Id.  We then determine if any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson, 443 U.S. at 319; Johnson,
23 S.W.3d at 7.       








If we reverse a criminal case for legal
insufficiency, we reform the judgment of conviction to reflect conviction for a
lesser offense only if a jury charge on the lesser offense was either submitted
or requested, but denied.  Collier v.
State, 999 S.W.2d 779, 782 (Tex. Crim. App. 1999) (en banc).  Otherwise, we vacate the judgment of
conviction for legal insufficiency and order a judgment of acquittal.  Swearingen, 101 S.W.3d at 95.  

B.  Factual
Sufficiency

We are constitutionally empowered to review the
judgment of the trial court to determine the factual sufficiency of the
evidence used to establish the elements of the offense with which Sauceda was
charged.  See Johnson, 23 S.W.3d
at 6.  The Texas Court of Criminal
Appeals has restated the factual sufficiency standard of review:

There is only one question to be answered in a
factual sufficiency review:  Considering
all of the evidence in a neutral light, was a jury rationally justified in
finding guilt beyond a reasonable doubt? 
However, there are two ways in which the evidence may be
insufficient.  First, when considered by
itself, evidence supporting the verdict may be too weak to support the finding
of guilt beyond a reasonable doubt. 
Second, there may be both evidence supporting the verdict and evidence
contrary to the verdict.  Weighing all
the evidence under this balancing scale, the contrary evidence may be strong
enough that the beyond‑a‑reasonable‑doubt standard could not
have been met, so the guilty verdict should not stand.  This standard acknowledges that evidence of
guilt can 'preponderate' in favor of conviction but still be insufficient to
prove the elements of the crime beyond a reasonable doubt.  Stated another way, evidence supporting guilt
can 'outweigh' the contrary proof and still be factually insufficient under a
beyond‑a‑reasonable‑doubt standard. 

 








Zuniga v. State, 144 S.W.3d 477, 484‑85 (Tex. Crim. App. 2004).  A clearly wrong and unjust verdict occurs
where the jury's finding is "manifestly unjust," "shocks the
conscience," or "clearly demonstrates bias."  Prible v. State, No. AP‑74,487,
2005 Tex. Crim. App. LEXIS 110, at *16‑*17 (Tex. Crim. App. January 26,
2005) (designated for publication).    

When the State bears the burden of proof, the proof
of guilt is factually insufficient if it is so obviously weak as to indicate
that a manifest injustice has occurred or if it is greatly outweighed by
contrary proof.  Zuliani v. State,
97 S.W.3d 589, 593‑94 (Tex. Crim. App. 2003).  In determining the factual sufficiency of the
elements of the offense, we view all the evidence neutrally, not through the
prism of "the light most favorable to the prosecution."  Johnson, 23 S.W.3d at 6‑7 (citing Clewis
v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996)).  However, we approach a factual‑sufficiency
review with appropriate deference to avoid substituting our judgment for that
of the fact finder.  Id.  Our evaluation should not intrude
substantially on the fact finder's role as the sole judge of the weight and
credibility given to witness testimony.  Id.  We must consider the most important evidence
that the appellant claims undermines the jury's verdict.  Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003).








Every fact need not point directly and independently
to the accused's guilt.  Vanderbilt v.
State, 629 S.W.2d 709, 716 (Tex. Crim. App. 1981).  A conclusion of guilt can rest on the
combined and cumulative force of all the incriminating circumstances.  Id. 
We reverse a judgment of conviction only if proof of guilt is so
obviously weak and manifestly unjust or the contrary evidence is so strong that
the standard of proof beyond a reasonable doubt could not have been met.  Prible, 2005 Tex. Crim. App. LEXIS
110, at *16‑*17.    

In conducting a factual sufficiency review, we
review all the evidence.  Cain v.
State, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997).  In the opinion, we "show our work"
when we consider and address the appellant's main argument for urging
insufficiency of the evidence.  See
Tex. R. App. P. 47.1; Sims,
99 S.W.3d at 603 ("A proper factual sufficiency review must include a
discussion of the most important and relevant evidence that supports the
appellant's complaint on appeal."). 
This practice benefits the parties, maintains the integrity of the
justice system, and improves appellate practice.  Id. 


If we reverse a criminal case for factual
insufficiency, we vacate the judgment of conviction.  Clewis, 922 S.W.2d at 133‑34.  We remand for a new trial a criminal case
reversed for factual insufficiency so a second jury may have the chance to
evaluate the evidence.  Swearingen,
101 S.W.3d at 97. 

C.  Testimony
of a Child in Sexual Conduct Cases








The testimony of a child sexual abuse victim alone
is sufficient to support a conviction for aggravated sexual assault.  Tex.
Code Crim. Proc. Ann. art. 38.07 (Vernon 2005); see
Garcia v. State, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978).  Courts give wide latitude to testimony given
by child victims of sexual abuse.  See
Villalon v. State, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990) (en
banc).  The victim's description of what
happened to her need not be precise, and she is not expected to express herself
at the same level of sophistication as an adult.  See id.  There is no requirement that the victim's
testimony be corroborated by medical or physical evidence.  Garcia, 563 S.W.2d at 928; Kemple
v. State, 725 S.W.2d 483, 485 (Tex. App.BCorpus
Christi 1987, no writ).

D. 
Hypothetically Correct Jury Charge

A hypothetically correct charge is one that
accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State's burden of proof or restrict its theories of
liability, and adequately describes the particular offense.  Malik, 953 S.W.2d at 240; Cano v.
State, 3 S.W.3d 99, 105 (Tex. App.BCorpus Christi 1999, pet. ref'd).  A hypothetically correct jury charge does not
simply quote from the controlling statute. 
Gollihar v. State, 46 S.W.3d 243, 254 (Tex. Crim. App.
2001).  Its scope is limited by the
statutory elements of the offense as modified by the charging instrument.  See Curry v. State, 30 S.W.3d 394, 404
(Tex. Crim. App. 2000).  Malik flatly
rejects use of the jury charge actually given as a means of measuring
sufficiency of the evidence.  See
Gollihar, 46 S.W.3d at 252.  Malik
controls sufficiency of the evidence analysis even in the absence of
alleged jury charge error.  Id.
at 255.  

E.  The Law
Applicable to the Indecency‑with‑a‑Child Counts

1.  Counts 1
and 2








The statutory period of limitation for indecency
with a child is ten years from the child's eighteenth birthday.  Tex.
Code Crim. Proc. Ann. art. 12.01(5)(A) (Vernon
2005).  The indictment alleged various
sexual offenses against R.T.  Count 1
alleged indecency on or about June 15, 1995 by touching her genitals.  Count 2 alleged indecency on or about June
16, 1995 by causing R.T. to touch Sauceda's genitals.  See Act of May 29, 1993, 73rd Leg.,
R.S., ch. 900, ' 1.01, sec. 21.11, 1993 Tex. Gen. Laws 3586, 3616
(amended 2001). 

2.  "On
or About" Allegation of Date of Offense








Unless the date is a material element of an offense,
it is not necessary for an indictment to specify the precise date on which the
charged offense occurred.  See Garcia
v. State, 981 S.W.2d 683, 685‑86 (Tex. Crim. App. 1998) (en
banc).  The primary purpose of specifying
a date in the indictment is not to notify the accused of the date of the
offense.  Id. at 686.  Rather, the purpose of providing a date is to
show that the prosecution is not barred by the statute of limitation.  Id.  When an indictment alleges that a crime
occurred "on or about" a certain date, the State may prove an offense
"with a date other than the one specifically alleged so long as the date
is anterior to the presentment of the indictment and within the statutory
limitation period and the offense relied upon otherwise meets the description
of the offense contained in the indictment."  Yzaguirre v. State, 957 S.W.2d 38, 39
(Tex. Crim. App. 1997) (en banc) (quoting Sledge v. State, 953 S.W.2d
253, 256‑57 (Tex. Crim. App. 1997) (en banc)).  Accordingly, the hypothetically correct jury
charge in this case would instruct the jury that the State could prove that the
charged offenses were committed before, on, or after the dates alleged in the
indictment so long as the dates were before the date of the indictment and
within the applicable limitation period. 
Mireles v. State, 901 S.W.2d 458, 459 (Tex. Crim. App. 1995) (en
banc); DeMoss v. State, 12 S.W.3d 553, 560 (Tex. App.BSan Antonio 1999, pet. ref'd).[5]

3.  The Elements
of Indecency with a Child as Limited by the Indictment

Thus, the hypothetically correct jury charge against
which we measure legal sufficiency in Count 1 of the indictment in this case
would ask the jury if Sauceda (1) on or about June 15, 1995, (2) intentionally
or knowingly (3) engaged in sexual contact (4) with R.T., who was then a child
under 17 years old and not his spouse, (5) by touching her genitals.  For Count 2, the hypothetically correct jury
charge would contain the same elements except it would ask whether Sauceda
caused R.T. to touch his genitals, alleged to have occurred on or about June
16, 1995.  We turn to the relevant
definitions.  

4. 
Definitions Used in the Indecency‑with‑a‑Child Statute








The penal code defines "sexual contact" as
"any touching of the anus, breast, or any part of the genitals of another
person with intent to arouse or gratify the sexual desire of any
person."  Tex. Pen. Code Ann.
' 43.01 (Vernon 2003).  The offense of indecency with a child
requires proof of the accused's intent to engage in the proscribed contact
rather than an intent to bring about any particular result.  Rodriguez v. State, 24 S.W.3d 499, 502
(Tex. App.BCorpus Christi 2000, pet. ref'd).  Thus, the definitions in the hypothetically
correct jury charge in this case concerning the applicable culpable mental
state for the indecency‑with‑a‑child counts would be limited
to the nature of the conduct rather than the result of conduct or circumstances
surrounding the conduct. 








A person acts intentionally, or with intent, with
respect to the nature of the conduct or a result of the conduct when it is the
person's conscious objective or desire to engage in the conduct or cause the
result.  Tex. Pen. Code Ann.
' 6.03(a) (Vernon 2003).  Similarly, a person acts knowingly, or with
knowledge, with respect to the nature of conduct or to circumstances
surrounding the conduct when the person is aware of the nature of the conduct or
that the circumstances exist.  Tex. Pen.
Code Ann. ' 6.03(b) (Vernon 2003).  A fact finder may infer the accused's mental
state from the acts, words, and conduct of the accused and from the
circumstances surrounding the acts in which the accused engaged.  See Hernandez v. State, 819 S.W.2d 806,
810 (Tex. Crim. App. 1991) (en banc); Dillon v. State, 574 S.W.2d 92, 94
(Tex. Crim. App. [Panel Op.] 1978).  An
accused rarely facilitates conviction by admitting to the requisite intent or
knowledge, and it is seldom possible to prove by direct evidence what an
accused intended or knew at the time of the incident.  Thus, the fact finder usually must infer
intent and knowledge from circumstantial evidence rather than direct proof.  See Gardner v. State, 736 S.W.2d 179,
182 (Tex. App.BDallas 1987), aff'd, 780 S.W.2d 259 (Tex. Crim. App.
1989); see also Hernandez, 819 S.W.2d at 810; Dillon, 574 S.W.2d
at 94‑95.  

Specifically, the fact finder can infer the
requisite intent to arouse or gratify the sexual desire of a person from
conduct, remarks, or all the surrounding circumstances.  Robertson v. State, 871 S.W.2d 701,
705 (Tex. Crim. App. 1993); McKenzie v. State, 617 S.W.2d 211, 216 (Tex.
Crim. App. 1981).  The intent to arouse
or gratify may be inferred from conduct alone. 
McKenzie, 617 S.W.2d at 216. 
No oral expression of intent is necessary.  Id.; Gregory v. State, 56
S.W.3d 164, 171 (Tex. App.BHouston [14th Dist.] 2001, pet. granted).  Nor is visible evidence of sexual arousal
required.  McKenzie, 617 S.W.2d at
216; Gregory, 56 S.W.3d at 171. 
Further, the fact finder may draw an inference of guilt from the
accused's acts, words, and conduct before, during, and after the incident. 

F.  The Law
Applicable to the Aggravated‑Sexual‑Assault‑of‑a‑Child


1.  Count 3

The statutory period of limitation for aggravated
sexual assault of a child is ten years from the child's eighteenth birthday.  Tex.
Code Crim. Proc. Ann. art. 12.01(5)(B) (Vernon
2005).  Count 3 of the indictment alleged
that Sauceda intentionally and knowingly caused digital penetration of R.T.'s
sexual organ on or about June 15, 1995.  


2.  The
Elements of Aggravated Sexual Assault of a Child 








Thus, the hypothetically correct jury charge against
which we measure legal sufficiency in Count 3 of the indictment would ask the
jury if Sauceda (1) on or about June 15, 1995, (2) intentionally or knowingly,
(3) caused penetration of the sexual organ, (4) of R.T., who was then a child
under 14 years old and not married to him, (5) by any means.  See Act of May 26, 1999, 76th Leg.,
R.S., ch. 417, ' 2, 1999 Tex. Gen. Laws 2752, 2752-53 (amended
2001).

3. 
Definitions Used in the Aggravated‑Sexual‑Assault‑of‑a‑Child
Statute

The Texas Court of Criminal Appeals has not
addressed whether aggravated sexual assault of a child is a nature‑of‑conduct,
result‑of‑conduct, or combined offense.  See Baker v. State, 94 S.W.3d 684, 691
(Tex. App.BEastland 2002, no pet.); Duhart v. State, 890
S.W.2d 187, 191 (Tex. App.BCorpus Christi 1994, no pet.); Murray v. State,
804 S.W.2d 279, 281 (Tex. App.BFort Worth 1991, pet. ref'd).  Where an offense is not clearly categorized
with respect to the conduct elements, the trial court may submit to the jury
the full statutory definitions of "intentionally" and
"knowingly" because both definitions allow the jury to consider the
nature of the accused's conduct or the results of the conduct.  Baker, 94 S.W.3d at 691 (citing Murray,
804 S.W.2d at 281). 

E.  The Law
Applicable to the Sexual‑Assault‑of‑a ‑Child 

1. Count 3








The statutory period of limitation for sexual
assault of a child is also ten years from the child's eighteenth birthday.  Tex.
Code Crim. Proc. Ann. art. 12.01(5)(B) (Vernon
2005).  Count 3 alleged that Sauceda
intentionally and knowingly sexually assaulted R.T. by digital penetration on
or about June 15, 1995.  

2.  The
Elements of Sexual  Assault of a Child 

Thus, the hypothetically correct jury charge against
which we measure legal sufficiency in Counts 9, 11, and 13 of the indictment
would ask the jury if Sauceda  (1) on or
about June 15, 1995 (2) intentionally or knowingly (3) caused penetration of
the sexual organ (4) of R.T., (5) who was then a child under 14 years old and
not his spouse, (6) by any means.  See
Act of May 26, 1999, 76th Leg., R.S., ch. 417, ' 2, 1999 Tex. Gen. Laws 2752, 2752-53 (amended
2001). 

3. 
Definitions Used in the Sexual‑Assault‑of‑a‑Child
Statute

Three "conduct elements" can be involved
in an offense: (1) nature of the conduct, (2) result of the conduct, and (3)
circumstances surrounding the conduct. McQueen v. State, 781 S.W.2d 600,
603 (Tex. Crim. App. 1989) (en banc). A particular offense may contain one or
more of these conduct elements.  Id.
 Whether sexual assault of a child is
a nature‑of‑conduct, result‑of‑conduct, or combined
offense is unsettled.  We conclude that
until the Texas Court of Criminal Appeals classifies sexual assault as a result‑oriented
crime, a nature‑of‑the‑conduct offense, or a combination,
"it is not error for the trial court to submit the statutory definitions
of 'intentionally' and 'knowingly' because both definitions allow the jury to
consider the nature of [an] offender's conduct or the results of his
conduct."  Saldivar v. State,
783 S.W.2d 265, 267 (Tex. App.BCorpus Christi 1989, no pet.); see also Cook,
884 S.W.2d at 492‑94. 








1.  Elements
Common to the Charged Offenses

As an initial matter, we conclude that, viewed under
the legal and factual sufficiency standards, the evidence conclusively
established that (1) R.T. was under the age of seventeen years and not married
to Sauceda, and (2) the offenses occurred in Nueces County, Texas.  The offenses proved by the State conformed
with the allegations in the indictment, were within the statutes of limitation,
and occurred before the date of the indictment. 
See Yzaguirre, 957 S.W.2d at 39. 
The State was not required to prove that any particular offense occurred
on any particular date.  See Mireles,
901 S.W.2d at 459.  Viewing the evidence
under the appropriate legal and factual sufficiency standards, we conclude that
any rational trier of fact could have found beyond a reasonable doubt that
Sauceda committed the offenses charged in the indictment on dates prior to the
date of the indictment and within the limitation period.  See Jackson, 443 U.S. at 319; Johnson,
23 S.W.3d at 7; Zuniga, 144 S.W.3d at 484‑85. 

2.  Discussion








Counts 1 and 2 charged Sauceda with indecency with a
child against R.T.  Count 3 charged him
with aggravated sexual assault of a child. 
The evidence shows that, after he moved in with the family, Sauceda
began molesting R.T.  She was about
eleven years old at the time.  He
continued almost daily for about a year. 
The abuse began with Sauceda's touching R.T.'s sexual organ and
escalated to digital penetration. 
Evidence also showed that Sauceda forced R.T. to kiss his genital organ
on numerous occasions.  Sauceda denied
sexual contact and conduct.

3. 
Disposition

The jury was free to resolve conflicts in
testimony.  See Mosley v. State,
983 S.W.2d 249, 254 (Tex. Crim. App. 1998) (en banc) (holding that questions
concerning the credibility of witnesses and the weight to be given their
testimony are to be resolved by the trier of fact); see also Esquivel v.
State, 506 S.W.2d 613, 615 (Tex. Crim. App. 1974).  Evidence is not rendered insufficient when
conflicting evidence is introduced.  Matchett
v. State, 941 S.W.2d 922, 936 (Tex. Crim. App. 1996) (en banc).  The reviewing court must assume that the fact
finder resolved the conflicts, including conflicting inferences, in favor of
the verdict, and must defer to that resolution. 
Id. 

We are mindful that a description of sexual contact
is sufficient evidence from which a fact finder may infer the intent‑to‑gratify
element of indecency with a child.  See,
e.g., McKenzie, 617 S.W.2d at 216; Brown v. State, 871 S.W.2d 852,
856 (Tex. App.BCorpus Christi 1994, pet. ref'd).  The jury heard R.T.'s descriptions of sexual
conduct and contact and heard Sauceda's denial. 
By its verdict, the jury rejected Sauceda's claim of innocence. 








Viewing the evidence in the light most favorable to
the verdict and in a neutral light, we conclude that any rational trier of fact
could have found beyond a reasonable doubt the intent‑to‑gratify
elements of indecency with a child.  See
Jackson, 443 U.S. at 319; see also Johnson, 23 S.W.3d at 7; Zuniga,
144 S.W.3d at 484‑85.  Viewing the
evidence in the light most favorable to the verdict, we conclude that any
rational trier of fact could have found beyond a reasonable doubt that Sauceda
engaged in sexual contact with R.T. by touching her sexual organ, by forcing
her to touch his sexual organ, and by digital penetration.  See Jackson, 443 U.S. at 319; Malik,
953 S.W.2d at 240.  Furthermore, viewing
all of the evidence in a neutral light, we conclude that the evidence
supporting the verdict is not too weak to support the jury's finding of guilt
beyond a reasonable doubt; nor is the weight of the evidence contrary to the
verdict strong enough that the State could not have met its burden of proof.  Zuniga, 144 S.W.3d at 484‑85.     

III. 
CONCLUSION

Thus, we conclude the evidence was legally and
factually sufficient to sustain Sauceda's convictions for indecency with a
child and aggravated sexual assault as alleged in Counts 1, 2, and 3 of the
indictment.  We overrule Sauceda's sole
issue presented.                                                 

ERRLINDA CASTILLO

Justice

Do not publish.

Tex. R. App. P. 47.2(b).

 

Memorandum Opinion delivered and filed

this 28th day of July, 2005.

 











[1] See Tex.
R. App. P. 47.2, 47.4.





[2] See Act of May 29, 1993,
73rd Leg., R.S., ch. 900, ' 1.01, 1993 Tex. Gen. Laws 3586, 3616, amended by
Act of May 23, 2001, 77th Leg., R.S., ch. 739, 2001 Tex. Gen. Laws 1463, 1463
(current version at Tex. Pen. Code Ann.
' 21.11(a)(1) (Vernon 2003)).  





[3] See Act of June 7, 1995, 74th Leg.,
R.S., ch. 318, ' 7, 1995 Tex. Gen. Laws 2734, 2737 amended
by Act of June 20, 1997, 75th Leg, R.S., ch. 1286, ' 2, 1997 Tex. Gen. Laws 4911,
4111-12, amended by Act of May 26, 1999, 76th Leg., R.S., ch. 417, ' 2, 1999 Tex. Gen. Laws 2752,
2752-53, amended by Act of May 15, 2001, 77th Leg., R.S., ch. 459, ' 5 2001 Tex. Gen. Laws 893, 898-99
(current version at Tex. Pen. Code Ann.
' 22.021 (Vernon Supp. 2004‑05)).


 





[4] R.T.'s testimony included
incidences of contact between her sexual organ and Sauceda's hand, including
digital penetration, and contact between her mouth and his sexual organ, in the
nature of forced kissing.  On cross‑examination,
she testified as to the indicted offenses pertaining to contact and conduct
against her.  R.T. testified she was not
married to Sauceda.





[5] Moreover, where the record
establishes numerous sexual contacts between an accused and a victim, a jury
rationally may infer that an offense was committed "on or about" a
particular date without the benefit of a jury instruction on the definition of
"on or about."  Mireles v.
State, 901 S.W.2d 458, 459 (Tex. Crim. App. 1995) (en banc); see also
Hoffman v. State, 922 S.W.2d 663, 672 (Tex. App.BWaco 1996, pet. ref'd).