

# NUMBER 13-21-00419-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JUAN JIMENEZ GUERRA A/K/A
JUAN GUERRA,                                              Appellant,

v.

THE STATE OF TEXAS,                                       Appellee.

### On appeal from the 404th District Court
### of Cameron County, Texas.

# CONCURRING MEMORANDUM OPINION

### Before Justices Benavides, Tijerina, and Peña
### Concurring Memorandum Opinion by Justice Benavides

I join the majority in all respects except for its analysis of Guerra's *Brady* complaint.

The State informed Guerra that it had in its possession a cellphone whose contents

potentially impeached the testimony of one of its complaining witnesses, D.E. The State

disclosed the existence of this phone, as it was required to do. *See* TEX. CRIM. PROC. ANN.

art. 39.14(h); *see also Cone v. Bell*, 556 U.S. 449, 470 n.15 (2009) ("Although the Due Process Clause of the Fourteenth Amendment, as interpreted by *Brady*, only mandates the disclosure of material evidence, the obligation to disclose evidence favorable to the defense may arise more broadly under a prosecutor's ethical or statutory obligations.")*.*

Detective Frederico Perez Jr. of the Brownsville Police Department testified that Guerra's wife provided the phone in question to the police and "there w[ere] nude pictures from one of the girls" on it. Despite a detective testifying to the potential existence of child pornography on the phone, the trial court determined that it did not have probable cause to issue a warrant to inspect the phone's contents. The trial court also concluded that the parties were barred from examining the phone's contents. When a trial court limits a defendant's access to potentially exculpatory evidence, as it did here, it is unclear how a defendant could be expected to categorically prove that evidence is favorable to him.

"The touchstone of due process is protection of the individual against arbitrary action of government." *Meachum v. Fano*, 427 U.S. 215, 226 (1976). By ruling against Guerra on the first two prongs of the *Brady* test, I am concerned that we are inadvertently blessing an arbitrary action, whereby the State can suppress whatever evidence it wants to, so long as the judiciary acts as its proxy. I agree with the majority that no *Brady* violation occurred here, because the cellphone and its contents were immaterial to the outcome of the proceeding.[1] *See Brady v. Maryland*, 373 U.S. 83, 87 (1963)*.* However,

---

[1] The majority does address the materiality prong of the *Brady* test. However, they conclude that "even assuming the complained-of phone did not contain a video of the incident the complainant claims she recorded, . . . such evidence does not discredit the complainant." I believe whether D.E. would be discredited has to do with whether this evidence is favorable, not whether this evidence is material. *See*

in my opinion, Guerra adequately demonstrated that potentially favorable evidence was withheld, and therefore met the first two prongs of the *Brady* test. *See id.*; *see also United States v. Brown*, 650 F.3d 581, 588 (5th Cir. 2011) ("To have been suppressed, the evidence must not have been discoverable through the defendant's due diligence."); *Owens v. State*, 381 S.W.3d 696, 700 (Tex. App.—Texarkana 2012, no pet.) ("The State is required to provide *potentially* exculpatory information to the defense." (emphasis added)). Thus, I write separately to concur in the result.

## I.   MATERIALITY

### A.   Standard of Review & Applicable Law

The majority sets out the appropriate standard of review and applicable law, but it is worth reiterating. "Under *Brady*, nondisclosure of favorable evidence violates due process only if it is 'material' to guilt or punishment." *Pena v. State*, 353 S.W.3d 797, 812 (Tex. Crim. App. 2011). "Evidence is material to guilt or punishment 'only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Ex parte Reed*, 271 S.W.3d 698, 727 (Tex. Crim. App. 2008) (quoting *United States v. Bagley*, 473 U.S. 667, 684 (1985)). "A 'reasonable probability' of a different result is accordingly shown when the government's evidentiary suppression 'undermines confidence in the outcome of the trial.'" *Kyles v. Whitley*, 514 U.S. 419, 434 (1995).

---

*United States v. Bagley*, 473 U.S. 667, 676 (1985) ("Impeachment evidence, however, as well as exculpatory evidence, falls within the *Brady* rule."). Thus, my analysis of this prong differs from the majority's.

3

To determine whether this probability exists, "we must examine the alleged error in the context of the entire record." *Thomas v. State*, 841 S.W.2d 399, 404 (Tex. Crim. App. 1992). Thus, a reviewing court balances "the strength of the exculpatory evidence . . . against the evidence supporting conviction." *Pena*, 353 S.W.3d at 812. "One does not show a *Brady* violation by demonstrating that some of the inculpatory evidence should have been excluded, but by showing that the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Kyles*, 514 U.S. at 435. Finally, we may also consider "any adverse effect that the prosecutor's failure to respond might have had on the preparation or presentation of the defendant's case." *Bagley*, 473 U.S. at 683.

## B. Analysis

Guerra argues that the "phone, if it had no video[,] . . . would have been vital to show [D.E.] had invented the abuse." However, it is entirely within the realm of possibility that the jury was not convinced that Guerra abused D.E., even without this additional evidence. The indecency with a child by contact charge only allowed the jury to convict Guerra if it found

> beyond a reasonable doubt that on or about the **15th day of April, 2020,** . . . in Cameron County, Texas, the defendant, . . . **GUERRA**, did then and there with the intent to arouse or gratify the sexual desire of the defendant, engage in sexual contact with [D.E.], . . . a child younger than 17 years of age, by touching the breast of [D.E.] . . .

During trial, D.E. testified that when she was about six years old, Guerra would enter her room at night and touch her both over and under her clothes, specifically on her breasts.

4

D.E. then went on to say that "for years" he did this "[e]very night she would stay over." Nonetheless, the jury found Guerra "not guilty" of indecency with a child by contact, the only count that relied exclusively on D.E.'s allegations.[2]

The continuous sexual abuse charge, on the other hand, permitted the jury to convict if it found that Guerra, during a period of at least thirty days, committed two or more acts of either indecency with a child by contact against C.E. or D.E., or aggravated sexual assault of a child against B.E., C.E., or D.E. *See* TEX. PENAL CODE ANN. § 21.02(b). In other words, the jury was entitled to discredit all of D.E.'s testimony and still convict Guerra of continuous sexual abuse of a child. Guerra does not explain how the absence

---

[2] It is possible that the jury reached this conclusion because it was confused about the charge. "[T]he date of an offense is not ordinarily a material element of the offense." *Oliva v. State*, 548 S.W.3d 518, 526 (Tex. Crim. App. 2018). The jury charge included the following instruction: "You are further charged as the law in this case that the State is not required to prove the exact date alleged in the indictment but may prove the offenses, if any, to have been committed at any time prior to the filing of the indictment."

"On appeal, we generally presume the jury follows the trial court's instruction in the manner presented." *Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005). However, this is a rebuttable presumption, and there is some evidence the jury here may not have understood that this instruction applied to both counts one and two of the indictment. *See id.* The immediate surrounding paragraphs of the above instruction concerned only count one, the continuous sexual abuse of a child charge. During deliberations, the jury sent a note to the court asking whether count two, the indecency with a child by contact charge, was "referring to April 15 to [sic] indictment." *See Castillo-Fuentes v. State*, 707 S.W.2d 559, 562–63 (Tex. Crim. App. 1986) (concluding that jury's question to court during deliberations showed it was confused about jury charge). The court responded that the portion of the charge concerning count two referred to "ON OR ABOUT APRIL 15TH, 2020." The jury charge did not include a definition of the phrase "on or about."

The court of criminal appeals has held that in the absence of a definition of "on or about," a jury is permitted to convict for an applicable offense if it finds beyond a reasonable doubt that the defendant "committed the offense charged within the applicable statute of limitations period." *Mireles v. State*, 901 S.W.2d 458, 460 (Tex. Crim. App. 1995). But the court of criminal appeals has not held that a jury is *obligated* to accept this default definition of "on or about" in the absence of any instruction concerning the phrase. It could be that the jury here did not realize that it was empowered to convict Guerra for any applicable indecency with a child by contact act committed against D.E. that fell within the relevant statutory limitations period. But it also could be that the jury was simply not persuaded beyond a reasonable doubt that Guerra committed the offense. Based on this record, it is not possible to determine what ultimately led to the "not guilty" verdict for count two.

5

of the recording, which he claims he would have used to impeach D.E.'s testimony, would have impacted the reliability of the allegations that Guerra also committed sexual offenses against B.E. and C.E.

Both B.E. and C.E. testified about Guerra's unlawful conduct. B.E. testified that around the time she "was entering 8th grade," Guerra "inserted his lower private area" in her "butt" "[s]everal times." During another incident, Guerra "started touching [B.E.], starting from [her] legs all the way up to [her] lower area, . . . [her] private area." She also stated that Guerra touched her "private part with his hand" "[a]ny[ ]time [she] was there." He also "would put his mouth in [her] private area" and "[h]e would put his fingers in [her] private area." C.E. testified that when she was about seven years old, Guerra, on more than two occasions, "touched [her] vagina" "over the clothes" and "put his fingers inside" of her vagina. Additionally, as the majority points out, Castillo, a forensic interviewer from a children's advocacy center, and the girls' mother, A.E., corroborated the testimony of all three girls. *See Harm v. State*, 183 S.W.3d 403, 409 (Tex. 2006) (concluding that withheld impeachment evidence concerning the State's complaining witness "A.N." was not shown to be material when "[t]he state's case in this instance rested in large part on the testimony of A.N., but both A.N.'s mother and Deputy Christine Larner of the Grimes County Sheriff's Department sexual offenses investigation unit gave testimony that corroborated A.N.'s version of events").

Lastly, I consider any adverse effect that the failure to disclose this evidence may have had on Guerra's ability to mount a defense. *See Bagley*, 473 U.S. at 683. Much of

6

Guerra's defense focused on discounting D.E.'s credibility. For instance, when D.E. was on the stand, Guerra cross-examined her about her mental health diagnoses, the medications she used, whether she ever had "hallucinations or imagined things," and whether she imagined the alleged abuse. Guerra also asked other witnesses about D.E.'s mental health and whether she claimed to see "dead people."

Most notably, Guerra argued at trial that the absence of the recording in question undermined D.E.'s credibility. Specifically, Guerra asked D.E. why, when she testified that she was afraid no one would believe that Guerra was abusing her, she did not show the alleged recording to anyone. In closing arguments, Guerra discussed the phone again and told the jury that "[m]issing evidence equals reasonable doubt."

While confirmation that such a recording did not exist could have bolstered the defense's impeachment of D.E., "[t]he mere possibility that an item of undisclosed information might have helped the defense . . . does not establish 'materiality' in the constitutional sense." *See United States v. Agurs*, 427 U.S. 97, 109–10 (1976). In other words, Guerra's defense concerning D.E.'s allegations of abuse already hinged on her credibility. Casting a slightly larger shadow of doubt on her credibility would not "put the whole case in such a different light as to undermine confidence in the verdict." *See Kyles*, 514 U.S. at 435; *see also Webb v. State*, 232 S.W.3d 109, 115 (Tex. Crim. App. 2007) ("In light of all the evidence presented against Appellant and the abundant impeachment evidence Appellant offered against the complainant, the additional [impeachment] evidence . . . was not material under *Brady*."). Thus, in balancing the strength of the

7

exculpatory evidence against the evidence supporting conviction, Guerra has not discharged his burden to show the withheld evidence was material. *See Hampton v. State*, 86 S.W.3d 603, 613 (Tex. Crim. App. 2002).

I believe the *Brady* issue is best disposed of by analyzing the third prong of the test more fully, as I have done here, and therefore, I respectfully concur.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
20th day of April, 2023.